132   58
143   128
132   58
149   68
151   253
132   58
166   591

132   58
27 SC ³170

132   58
36 SC ³583

132   58
226   ³591

## FRANCIS FARLEY v. PHILAD. TRACTION CO.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Argued January 10, 1890—Decided January 20, 1890.

1. When, in an action against a passenger carrier, the evidence shows simply that an accident occurred and a passenger was injured, and the cause of the accident does not at all appear, or does not fully and clearly appear, a presumption of negligence arises against the carrier which he must overthrow by evidence satisfactory to the jury: Per GORDON, J. (C. P.)

2. If, however, the evidence as to the cause of the accident is full, clear, undoubted and uncontradicted, the rule is that such evidence must show a case clear of contributory negligence by the passenger, and must affirmatively establish negligence on the part of the carrier: Per GORDON J. (C. P.)

3. In an action against a street railway company for negligence, the plaintiff testified that while a passenger on one of defendant's summer cars, furnished with transverse seats, he arose to signal the conductor to stop and tripped upon the sheathing of the wheel, extending above the floor but leaving ample room to enter and leave the car, and was thus injured. In such case, it was not error to enter judgment of nonsuit.

Before STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 392 January Term 1889, Sup. Ct.; court below, No. 505 December Term 1884, C. P. No. 3.

On January 31, 1885, Francis Farley brought case against

the Philadelphia Traction Company, to recover damages for personal injuries charged to the alleged negligence of defendant company. Issue.

At the trial on October 22, 1888, before GORDON, J., the plaintiff testified, in his own behalf, that he was 65 years of age; that on September 3, 1884, he was riding in a Nineteenth street car of the defendant company, about twelve o'clock in the daytime, when he was injured. The manner in which his injuries were received fully appears in the opinion of the court below, post.

At the close of the plaintiff's testimony, and, as would appear from the bill of exceptions returned, without having rested his case, a motion was made for the entry of judgment of nonsuit. After argument the court said:

I cannot see any negligence on the part of the defendant in causing this accident. The car was fitly constructed, and was not defective in any of its parts. That which you have called an obstruction, was the protrusion of a wheel above the floor of the car. The accident happened by this man arising while the car was in motion, and in some way, which is unexplained, falling over this elevation in the floor of the car.

There is no evidence before the court that a car thus constructed is imperfectly or defectively constructed, or is not fit for the purpose for which it is intended. Where an accident results from the use of the machinery, rolling stock or appliances of a common carrier, in order to convict the carrier of negligence it must be shown that such construction was improper or defective, or that it was of such a kind as would inevitably produce danger and injury to those using it. That is not this case. This man entered the car without falling. There was a half space between those two benches.

There is a question also in the case which I do not now enter into, that of contributory negligence, which I should even think sufficient upon which to enter a nonsuit. I grant the motion, however, at present, upon the fact that there is no evidence of negligence on the part of the company. I ought to add, also, that this was not a hidden defect or obstruction.

A rule to show cause why the judgment of nonsuit should not be vacated having been argued before the court in banc, the rule was discharged, GORDON, J., filing the following opinion:

Opinion of Court below.

The contention of the plaintiff in this case, if sound, takes from the court the power to enter a nonsuit or give binding instructions in any case against a railroad company on account of injuries to a passenger. The plaintiff rests his argument upon the opinion in Spear v. Railroad Co., 119 Pa. 61, which went up from this court, and the cases cited therein, to establish the doctrine of which it is the last and fullest elucidation. That doctrine, relied upon in the present case, is that "the mere happening of an injurious accident to a passenger while in the hands of a carrier will raise, prima facie, a presumption of negligence, and throw the onus of showing that it did not exist on the carrier:" Spear v. Railroad Co., supra. Upon this principle alone the plaintiff contends his case should have gone to the jury, and that the court was wrong in entering a nonsuit.

An examination of the opinion in Spear v. Railroad Co., shows how erroneous is the present plaintiff's application of the law there announced. That the court did not mean to say that in every case "the mere happening of an accident" to a passenger puts the onus on the carrier, is evident from another and subsequent sentence from the same decision, as follows: "A binding instruction is proper where the evidence is not conflicting and presents the facts on which the case depends clearly and distinctly." Or, consider this equally absolute and unanswerable declaration succeeding, which marshals the conclusions of an uninterrupted line of decisions: "The value or legal effect of facts not in controversy may be determined by the judge." In the face of explicit utterances such as these, is it not apparent that the doctrine that "the mere happening of an accident . . . . . raises a prima facie presumption of negligence, and throws the burden of showing that it did not exist on the carrier," is not of universal application and of effect to entitle every case of accident to a passenger to go to the jury?

What is ruled by the Supreme Court in that case is this: That where the evidence shows simply that an accident injurious to a passenger occurred, and does not show the cause of the accident clearly and undoubtedly, the presumption of law from the mere fact of the accident is, that it was caused by the carrier's negligence, and the burden is upon him to show that it was not caused by his negligence, or that it was contributed

to by the negligence of the passenger. Now, this principle, which, as the court says, has its foundation in the nature of the carrier's undertaking, is perfectly consistent with the other further declarations by the court above cited. The presumption of negligence arises from the entire absence of proof, or the want of clear and indubitable proof, of the cause of the accident. Where, however, there is evidence from which the cause can be clearly and indubitably ascertained, the presumption ceases, and the question of negligence is to be determined from the evidence.

Let us therefore consider and apply the alternative proposition of law laid down by the court, that "the judge may give binding instructions where the evidence is not conflicting and presents the facts on which the case depends clearly and distinctly," and that "the value and legal effect of facts not in controversy may be determined by the judge." We are of opinion that the present case falls flatly within these limitations upon the power and declaration of the duty of the judge. We entered a nonsuit when the plaintiff closed his case. This was done because the evidence was "not conflicting;" because it presented "the facts on which the case depended clearly and distinctly," and because "the value and legal effect" of these uncontroverted facts it was our province to determine. Those facts were as follows:

The plaintiff was a passenger upon a street-railway car. It was an open or "summer" car, such as street-railway companies use in the mild season, for the greater comfort of passengers by reason of free ventilation. It was like all cars of its class. The seats ran across the entire width of the car, with spaces or aisles between them, and the entrance was on the sides along their whole length. The plaintiff entered and sat down on the end of the seat immediately where he entered. Wishing to get off at Lombard street, he called to the conductor to stop the car as it approached that thoroughfare. Observing that it was not going to stop, and supposing the conductor had not heard the call, the plaintiff turned in his seat to attract the conductor's attention by motion of the hand. Finally, as plaintiff testified, for the sole purpose of being the better able to get the eye of the conductor, he arose from his seat, the car still being in motion, and, as he did so, stumbled

or tripped over an "obstruction," as he termed it, which was at his feet, and fell off the car and was injured. The obstruction of which he complained was a permanent construction, and consisted of the sheathing over a wheel of the car. The wheels of all street-railway cars extend above the level of the car floor. In the ordinary car they are covered by the seats extending along each side. In the open or summer car the wheels are covered, where they extend above the floor, by stout sheathing, which is for the most part under the seat, but for some short distance extends beyond the width of the seat. This construction was not hidden, but could be seen by any one who looked at the spot. It was in evidence that in this respect, as in all others pertaining to its construction, this car was like the usual summer car in use upon all such railways.

Such is the accident in this case. Its cause is perfectly clear, and the testimony is full and explicit. It leaves no room for inferences or presumptions of fact. There is no controversy, for the testimony is all by the plaintiff himself. Wherein does it show any negligence on the part of the defendant? What did the carrier do or fail to do that caused the plaintiff to receive injury? The car was not defective in any respect; no part of it broke or failed to accomplish its intended purpose in the object of transportation, and it was in all respects of the usual kind. There is not the slightest evidence that any different, better, safer or more improved construction in this kind of conveyance was ever used on any railroad, or was at all possible. The plaintiff had ample room to get on the car safely, and it was in evidence that the same facilities existed for his getting off safely. According to his testimony, however, he was not attempting to alight when the accident occurred, but fell while merely in the act of arising from his seat to signal the conductor. There was nothing hidden from his view that contributed to his fall. He fell simply because he took no care as to his movements, and hence stumbled over a conspicuous part of the car. The same carelessness would cause a passenger to stumble over many other parts—over the steps by which he entered, over the sill of the door, or, indeed, any part of the car over which it is possible for a heedless person to stumble.

What disputed question of fact, then, was there for a jury to pass upon? All the facts were known and undisputed, and

Opinion of Court below.

they failed to show any negligence upon the part of the company or anything from which negligence could lawfully be inferred.   On the contrary, they showed that the plaintiff had been furnished with a safe car in which to ride, and, so far as the evidence goes, the most safe kind that skill could construct. The sole contention of the plaintiff is that the car was defective.   But wherein?   What more perfect car for the purpose was shown to exist or be possible?

It is urged, however, that, merely because the accident happened, there arises such a presumption of negligence that the case should have been allowed to go to the jury, for them to say whether or not the defendant might not have provided a better or safer car.   This argument, as we have before observed, would compel us to send every accident cause to the jury, and would amount to saying that the common carrier must make it physically impossible for a passenger to fall, stumble or be injured while upon a railroad car or in charge of the carrier. Should this be found to be the correct principle, railroad traveling would become the most profitable business in which human enterprise could engage.   Before we will hold any such doctrine we must have a more explicit declaration to that effect from the Supreme Court than any that has yet been made.   We do not regard the underlying principles of actions for negligence to have been at all changed by anything announced by that court, and, with the opinion in Spear v. Railroad Co. in view, we still understand the state of the law on this subject to be as follows:

Where the evidence shows simply that an accident occurred and a passenger was injured, and the cause of the accident does not at all appear, or does not fully and clearly appear, a presumption of negligence arises against the carrier which he must overthrow by evidence to the satisfaction of a jury.

Where, however, the evidence as to the cause of the accident is full, clear, undoubted and uncontradicted, the rule of law is, as it always was, that such evidence must show a case clear of contributory negligence by the passenger, and must affirmatively establish negligence on the part of the carrier.

If in either of these respects the plaintiff's evidence fails, the court may enter a nonsuit or give the jury binding instructions for the defendant as the case may be.   We think the plaintiff

in the present case failed on both points, and accordingly we discharge the rule to take off the nonsuit.

FINLETTER, P. J., dissented.

Thereupon the plaintiff took this appeal specifying that the court erred in entering the judgment of nonsuit, and in discharging the rule to show cause, etc.

*Mr. Joseph A. Abrams*, for the appellant.

Counsel cited: Laing v. Colder, 8 Pa. 482; Wharton on Neg., 520, § 647; Pittsb. etc. R. Co. v. Pillow, 76 Pa. 510; Sullivan v. Railroad Co., 30 Pa. 234; Spear v. Railroad Co., 119 Pa. 61; Penna. R. Co. v. MacKinney, 124 Pa. 462; Neslie v. Railway Co., 113 Pa. 300.

*Mr. David W. Sellers*, for the appellee.

Counsel cited: Del. etc. R. Co. v. Napheys, 90 Pa. 135; Phila. etc. R. Co. v. Anderson, 94 Pa. 351.

PER CURIAM:

There is nothing in the plaintiff's evidence that would have warranted the jury in rendering a verdict in his favor, and hence there was no error in entering the judgment of nonsuit, and refusing to take it off. Without some evidence, tending to prove that the injury complained of resulted from the defendant company's negligence, the plaintiff had no right to ask that his case should be submitted to the jury.

Judgment affirmed.