Jack D'ARDENNE, a minor, by his parents and natural guardians, David D'ARDENNE and Catherine D'Ardenne, and David D'Ardenne and Catherine D'Ardenne, his wife, in their own right, Appellants,

v.

STRAWBRIDGE & CLOTHIER, INC. and Westinghouse Elevator Company, Division of Schindler Corporation.

Superior Court of Pennsylvania.

Argued Oct. 1, 1997.
Filed May 12, 1998.
Reargument Denied July 20, 1998.

Norman Segal, Philadelphia, for appellants.

John A. Fitzpatrick, Philadelphia, for Strawbridge & Clothier, appellee.

Kevin Connors, Wilmington, DE, for Westinghouse Elevator, appellee.

Before JOHNSON and FORD ELLIOTT, JJ., and MONTEMURO,* Senior Judge.

FORD ELLIOTT, Judge:

In this appeal, we are asked to decide whether the trial court erred when it refused to give a *res ipsa loquitur* instruction because appellant presented specific evidence of negligence. Finding error, we reverse and remand for a new trial.

The facts, about which the parties do not disagree, follow. This civil action was commenced on March 25, 1991 by complaint filed by the parents of minor child Jack D'Ardenne in their own right and on behalf of their son. Jack was seriously injured on April 15, 1989, when his shoe caught in an escalator on which he was riding in Strawbridge & Clothier Department Store ("Strawbridge"). The complaint named both Strawbridge and Westinghouse Elevator Corporation ("Schindler")[1] as defendants, and asserted claims in negligence and in strict liability. In their first complaint, the D'Ardennes also pled *res ipsa loquitur* as a basis for relief. While we recognize that because *res ipsa* is a rule of evidence, it is not properly pled, *Hollywood Shop, Inc. v. Pa. Gas & Water Co.*, 270 Pa.Super. 245, 252–53, 411 A.2d 509, 513 (1979), nevertheless, the reference to *res ipsa* in the D'Ardennes' first complaint placed Strawbridge on notice that the D'Ardennes were alleging negligence generally.

Following a jury trial beginning on April 15, 1996, a jury of eight returned a verdict in favor of both defendants. The D'Ardennes filed post-trial motions, which were denied. This appeal followed.[2]

We may reverse a trial court's denial of a motion for a new trial only where the trial court clearly and palpably abused its discretion or committed an error of law that controlled the outcome of the case. *Christiansen v. Silfies*, 446 Pa.Super. 464, 470–72, 667 A.2d 396, 399 (1995), citing *Gray v. H.C. Duke & Sons, Inc.*, 387 Pa.Super. 95, 563 A.2d 1201 (1989). We review a trial court's charge to the jury for an abuse of discretion or error of law that controlled the outcome of the case. *Stewart v. Motts*, 539 Pa. 596, 605–07, 654 A.2d 535, 540 (1995). "A reviewing court will not grant a new trial on the ground of inadequacy of the charge unless there is a prejudicial omission of something basic or fundamental." *Id.* Nevertheless, "[t]he charge of the trial court should not exclude any theory or defense that has support in the evidence." *Rizzo v. Michener*, 401 Pa.Super. 47, 53–55, 584 A.2d 973, 976 (1990).

Initially, it is important to remember that *res ipsa loquitur* is merely a rule of circumstantial evidence. Circumstantial evidence is defined as "evidence of one fact, or of a set of facts, from which the existence of the fact to be determined may reasonably be inferred." W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 39, at 242 (5th ed.1984) (footnote omitted). The inference, or process of reasoning by which a conclusion is reached, "must be based upon the evidence given, together with a sufficient background of human experience to justify the conclusion." *Id.* at 243. As Chief Justice Erle opined in 1865:

'There must be reasonable evidence of negligence; but where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evi-

---

* Retired Justice assigned to the Superior Court.

1. According to the elevator corporation's brief, it should properly be designated as "Schindler Elevator Corporation," rather than as "Westinghouse Elevator Corporation, a Division of Schindler Corporation." We therefore refer to the elevator corporation as "Schindler."

2. This court's notes indicate that at oral argument, counsel for the D'Ardennes agreed to dismissal of the appeal as to Schindler. Because the appeal as to Schindler was never formally withdrawn, however, we will address the issue as to both defendant/appellees.

dence, in the absence of explanation by the defendants, that the accident arose from want of care.'

*Id.* At 244, quoting *Scott v. London & St. Katherine Docks Co.,* 3 H. & C. 596, 159 Eng.Rep. 665 (1865). In its purest form, " 'Where there is no direct evidence to show cause of injury, and the circumstantial evidence indicates that the negligence of the defendant is the most plausible explanation for the injury, the doctrine applies.' " Prosser & Keeton, *supra* § 40, at 257, quoting *Roark v. St. Paul Fire & Marine Ins. Co.,* 415 So.2d 295 (La.App.1982).

Our supreme court has adopted the evidentiary rule of *res ipsa loquitur* as articulated in the Restatement (Second) of Torts in *Gilbert v. Korvette, Inc.,* 457 Pa. 602, 327 A.2d 94 (1974):

> Section 328D, titled Res Ipsa Loquitur, provides:
>
> '(1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when
>
> (a) the event is of a kind which ordinarily does not occur in the absence of negligence;
>
> (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and
>
> (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.
>
> (2) It is the function of the court to determine whether the inference may reasonably be drawn by the jury, or whether it must necessarily be drawn.
>
> (3) It is the function of the jury to determine whether the inference is to be drawn in any case where different conclusions may reasonably be reached.'

*Gilbert v. Korvette, Inc., supra* at 611–13, 327 A.2d at 100, quoting Restatement (Second) of Torts § 328D (1965). As this court stated in *Smith v. City of Chester,* 357 Pa.Super. 24, 515 A.2d 303 (1986):

> The rationale behind this doctrine is to aid plaintiffs in making a *prima facie* case of negligence against defendants by allowing an inference of negligence to be deduced from competent evidence on the theory that in the course of ordinary events, the injury or damage complained of would not have occurred in absence of negligence.

*Id.* at 27, 515 A.2d at 305.

The trial court refused to charge the jury on the rule, however, because "the Plaintiffs had clearly sought to prove that the accident was caused by a particular defect in the escalator. This defect, according to Plaintiffs' expert, Ronald Kobelin, was the existence of a gap greater than 3/16" between the comb plate and the escalator tread." (Trial court opinion, 1/6/97 at 3, citing notes of testimony, 4/24/96 at 84–85.) Mr. Kobelin introduced other specific evidence of negligent maintenance as well. For example, he noted that one of the combs was broken, one of the step treads had a broken tooth, and many of the comb plate teeth had "chips, sprawls and gouges" on their front faces, which would catch on fabric. (Notes of testimony, 4/24/96 at 5.154—5.170.) Mr. Kobelin further observed that merely moving one's foot over the comb plate, as was the practice of Strawbridge's maintenance person, would not reveal these defects; rather, the plates would have to be removed. (*Id.* at 5.174.) Nevertheless, Mr. Kobelin admitted on crossexamination that because he did not examine the escalator prior to the accident, neither he nor anyone else could say with certainty whether the gap between the comb plate and the escalator tread was greater than 3/16" at the time of the accident. (*Id.* at 5.191.)

The trial court acknowledged that other Pennsylvania courts addressing the issue had found that the *res ipsa loquitur* charge was proper despite specific evidence of negligence; nevertheless, it distinguished the instant case because "the evidence of negligence [in the other cases] did not approach the level of specificity reached in the present case." (Trial court opinion, 1/6/97 at 5–7, citing *Farley v. Philadelphia Traction Co.,* 132 Pa. 58, 18 A. 1090 (1890); *Williams v. Otis Elevator Co.,* 409 Pa.Super. 486, 598 A.2d 302 (1991) (trial court did not err in instructing the jury on *res ipsa loquitur* despite specific evidence of negligent maintenance of an elevator out of which Williams fell, where expert could not identify the exact

cause of the accident); *Smith v. City of Chester, supra* (trial court erred in refusing to instruct on *res ipsa loquitur* even though plaintiff, who fell through sewer grate, introduced specific evidence that grate was excessively porous and weak, and that paving rollers had just rolled over it; however, expert could not say what caused grate to break); *DeFrancesco v. Western Pa. Water Co.,* 329 Pa.Super. 508, 478 A.2d 1295 (1984) (Spaeth, J., concurring) (no merit to *defendant's* allegation that trial court erred in refusing to instruct on *res ipsa loquitur,* where plaintiffs proceeded on an alternate theory of circumstantial evidence of negligence and won, and where the facts of plaintiffs' case did not establish a prima facie *res ipsa loquitur* case); and *Hollywood Shop, Inc. v. Pa. Gas & Water Co., supra* (affirming an *en banc* trial court's order granting a new trial where the trial court refused to instruct on *res ipsa loquitur* because plaintiff, through a hypothetical question presented to its expert, introduced specific evidence of excessive pressure inside a water main which broke).) *Cf. Gilbert v. Korvette, Inc., supra* (adopting § 328D of the Restatement (Second) of Torts, and remanding for the trial court to instruct on *res ipsa loquitur* in a case in which a three-year-old child was injured when his foot caught in the step of a department store escalator and was pulled into the comb plate). While recognizing the difficulty of the trial court's task,[3] we cannot agree with the distinctions drawn by the trial court. Our reasons follow.

Courts have experienced many difficulties in determining when a plaintiff has introduced so much specific evidence of negligence that "the precise cause of injury" is "clearly establish[ed]." Annotation, 33

A.L.R.2d, *supra* at 793. The following illustration, excerpted from Prosser & Keeton, *supra,* is helpful in unraveling the difficulty:

Plaintiff is of course bound by his own evidence; but proof of some specific facts does not necessarily exclude inferences of others. When the plaintiff shows that the railway car in which he was a passenger was derailed, there is an inference that the defendant railroad has somehow been negligent. When the plaintiff goes further and shows that the derailment was caused by an open switch, the plaintiff destroys any inference of other causes; but the inference that the defendant has not used proper care in looking after its switches is not destroyed, but considerably strengthened. If the plaintiff goes further still and shows that the switch was left open by a drunken switchman on duty, there is nothing left to infer; and if the plaintiff shows that the switch was thrown by an escaped convict with a grudge against the railroad, the plaintiff has proven himself out of court.

Prosser & Keeton, *supra* § 40, at 260 (footnotes omitted). Scenario one is the pure *res ipsa* case; scenario three is the case in which plaintiff "clearly and indubitably" establishes the specific acts of defendant's negligence; and scenario four establishes the intentional tort of a third party, thereby removing defendant's alleged negligence from the case. It is scenario two in which the courts most often find themselves.

The difficulty of determining whether a plaintiff has presented so much specific evidence of negligence as to preclude the possibility of an inference of negligence was precisely the difficulty facing the trial court in this case: the court, relying on *Farley v.*

---

3. Our research indicates that jurisdictions are divided as to the application of *res ipsa* in a case in which plaintiff introduces specific proof of negligence, but in which *res ipsa* would otherwise be applicable. Annotation, *Evidence of Specific Negligence as Affecting Reliance on Res Ipsa Loquitur,* 33 A.L.R.2d 791 (collecting cases). In addition to the amount of specific evidence a plaintiff may introduce before losing the inference of negligence provided by the *res ipsa loquitur* charge, a closely related issue is whether a plaintiff who has alleged specific acts of negligence in his complaint is entitled to a *res ipsa loquitur* instruction. On this issue, courts have

taken four basic positions: 1) by his specific allegations, plaintiff has waived the right to rely on the doctrine; 2) plaintiff may take advantage of the doctrine if the inference of negligence to be drawn supports the specific allegations; 3) the doctrine may be applied only if the specific pleading is accompanied by a general allegation of negligence; and 4) the doctrine is available regardless of the form of the pleading. Note, *Res Ipsa Loquitur: The Extent to Which Plaintiff May Establish Negligence,* 42 St. John's L.Rev. 410, 414–15 (1968). *See also* 79 A.L.R. 48, supplemented in 160 A.L.R. 1450 (collecting cases). This issue is not before us.

*Philadelphia Traction Co., supra,* found that the D'Ardennes "chose to present what they considered 'clear and indubitable' evidence of [Strawbridge's] negligence." (Trial court opinion, 1/6/97 at 7.) A review of *Farley* is therefore instructive.

In *Farley,* plaintiff, a passenger on a streetcar, was injured when he arose from his seat to signal the conductor and tripped over the exposed sheathing of a wheel. The trial court, in an opinion adopted by the supreme court, refused to allow plaintiff the benefit of the presumption of negligence from the mere happening of the accident.[4] Instead, the *Farley* court noted that the cause of the accident was "perfectly clear, and the testimony is full and explicit. It leaves no room for inferences or presumptions of fact." *Id.* at 62, 18 A. at 1090. That cause, according to the *Farley* court, was the plaintiff's own negligence:

> Such is the accident in this case. Its cause is perfectly clear, and the testimony is full and explicit. It leaves no room for inferences or presumptions of fact. There is no controversy, for the testimony is all by the plaintiff himself. Wherein does it show any negligence on the part of the defendant? What did the carrier do or fail to do that caused the plaintiff to receive injury? The car was not defective in any respect; no part of it broke or failed to accomplish its intended purpose in the object of transportation, and it was in all respects of the usual kind. There is not the slightest evidence that any different, better, safer or more improved construction in this kind of conveyance was ever used on any railroad, or was at all possible. The plaintiff had ample room to get on the car safely, and it was in evidence that the same facilities existed for his getting off safely.... There was nothing hidden from his view that contributed to his fall. He fell simply because he took no care as to his movements, and hence stumbled over a conspicuous part of the car....

*Id.* at 62, 18 A. at 1090. The *Farley* court then stated the oft-cited standard relied upon the by trial court in this case:

> The presumption of negligence arises from the entire absence of proof, or the want of clear and indubitable proof, of the cause of the accident. Where, however, there is evidence from which the cause can be clearly and indubitably ascertained, the presumption ceases, and the question of negligence is to be determined from the evidence.

*Id.* at 61, 18 A. at 1090. As the *Farley* court explained:

> Where the evidence shows simply that an accident occurred and a passenger was injured, and the cause of the accident does not at all appear, or does not fully and clearly appear, a presumption of negligence arises against the carrier which he must overthrow by evidence to the satisfaction of a jury.
>
> Where, however, the evidence as to the cause of the accident is full, clear, undoubted and uncontradicted, the rule of law is ... that such evidence must show a case clear of contributory negligence by the passenger, and must affirmatively establish negligence on the part of the carrier.

*Id.* at 63, 18 A. at 1090.

While accepting the standard set forth in *Farley,* we find the facts of this case to be far different, and more akin to the facts of *Smith v. City of Chester, supra* and *Hollywood Shop, Inc. v. Pa. Gas & Water Co., supra.* The plaintiff in *Farley* presented *uncontroverted* evidence that the cause of the accident was his tripping over the exposed wheel sheath, so that the court ascribed whatever negligence there was to him. In contrast, the cause of the accident in this case was hotly contested. The D'Ardennes' expert opined that an excessive gap in the comb plate allowed Jack's sneaker to become caught, and that proper inspection would have revealed this defect. Strawbridge, however, argued that the comb plate broke when Jack's sneaker hit it, and that Strawbridge's

---

**4.** This case involved a rebuttable presumption that arose against a common carrier when a passenger was injured. That presumption was abrogated by *Gilbert v. Korvette, Inc., supra,* in which such presumptions were subsumed under the evidentiary rule of *res ipsa loquitur. Gilbert v. Korvette, Inc., supra* at 617–19, 327 A.2d at 97, 103.

exemplary maintenance and inspection program was not a cause of the accident. (Notes of testimony, 5/1/96 at 10.96, 10.146; notes of testimony, 4/30/96 at 9.49–9.50, 9.84–9.85.)

Strawbridge argues, however, that Pennsylvania courts have never allowed plaintiffs to benefit from the *res ipsa* instruction every time they fail in their specific proof of negligence, and that this is not the meaning of "want of clear and indubitable proof" in *Farley, supra.* (Strawbridge's brief at 12.) Rather, according to Strawbridge, "want of clear and indubitable proof" means "a body of evidence presented at trial that itself demonstrates a 'want of clear and indubitable proof.'" (*Id.*) We disagree. The law in Pennsylvania is clear from the following language in *Hollywood Shop, Inc. v. Pa. Gas & Water Co., supra,* in which the superior court adopted the rationale of the Third Circuit Court of Appeals in *Weigand v. Pa. Railroad Co.,* 267 F.2d 281 (3rd Cir.1959) (applying Pennsylvania law):

'[W]e have before us not only a res ipsa claim but one capable of some specific proof regarding the railroad's alleged negligence. In these peculiar circumstances to force the plaintiff to abandon one of his theories is not only illogical but unfair.'

*Hollywood Shop, Inc. v. Pa. Gas & Water Co., supra* at 250–52, 411 A.2d at 512, quoting *Weigand v. Pennsylvania Railroad Company,* 267 F.2d at 284. Relying on a decision of the California supreme court, the *Hollywood Shop* court continued:

'If, because of the circumstances of the case and the probabilities, an inference of negligence is raised, the doctrine should be applied, it is difficult to see why its application should be denied merely because plaintiff proves specific acts of negligence. There is no reason why such proof should wholly dispel the inference any more than it would in any other case. The plaintiff is penalized for going forward and making as specific a case of negligence as possible. If he endeavors to make such a case he runs the risk of losing the benefits of the doctrine to which the circumstances entitle him. Rather than place him in such a position he should be encouraged to prove

as much as possible. The end result is not injurious to the defendant.'

*Hollywood Shop, Inc. v. Pa. Gas & Water Co., supra* at 250–53, 411 A.2d at 512–13, quoting *Leet v. Union Pac. R. Co.,* 25 Cal.2d 605, 614, 155 P.2d 42, 51 (1944). As the *Hollywood Shop* court noted, the rule articulated by the Third Circuit in *Weigand, supra,* "tends to prevail." *Hollywood Shop, Inc. v. Pa. Gas & Water Co., supra* at 253 n. 2, 411 A.2d at 513 n. 2. We agree.

Despite the difficulty of determining when a plaintiff has proven too much to be entitled to a *res ipsa* instruction, "the great majority of the courts appear to have accepted the rule than an unsuccessful attempt to prove specific negligence on the defendant's part, or the introduction of evidence of specific negligence not clearly establishing the precise cause of injury, will not deprive the plaintiff of the benefits otherwise available under the [*res ipsa* ] doctrine." Annotation, 33 A.L.R.2d, *supra* at 793 (collecting cases):

[S]trong considerations appear to favor a policy of permitting or even encouraging plaintiffs to offer all the specific evidence available. If the end of the legal process is the revelation of truth, any policy which tends to persuade parties to keep information from the court should presumably be discouraged, and there is little doubt that at least in some cases plaintiffs will prefer to rest on the happening of the accident and the inferences arising therefrom rather than offer inconclusive evidence of specific negligence.

*Id.* at 795. *See also Wood v. Roxborough, Chestnut Hill & Norristown Pass. Rwy. Co.,* 12 Montg.Co.L.R. 155, 156 (1896) (rejecting the railway's argument that because plaintiff sought to prove that the accident was caused by a defective brake appliance, she could not invoke the presumption applicable to common carriers; holding that the circumstances raising the presumption were evidence for the plaintiff of the fact of defendant's negligence in causing the accident, but that plaintiff was also at liberty to show the same fact in another way—through specific defects).

Pennsylvania courts have thus concluded that where "the evidence in [the] case falls within the grey zone," *Smith v. City of Ches-*

*ter, supra* at 28–30, 515 A.2d at 306, a factual realm in which a plaintiff presents "as specific a case of negligence as possible, yet [is] unable to demonstrate the *exact* cause of the accident[,]" *id.*, plaintiff is entitled to a *res ipsa loquitur* charge. *Id. Accord Williams v. Otis Elevator Co., supra* at 492–95, 598 A.2d at 305–06; *Hollywood Shop, Inc. v. Pa. Gas & Water Co., supra* at 250–52, 411 A.2d at 512.

■ We find that the evidence in this case, like the evidence in *Smith v. City of Chester, supra*, falls "within the grey zone." As the *Hollywood Shop* court observed, "where, as here, the plaintiff's specific evidence of negligence is directly disputed by the defendant, it may be especially important that the plaintiff get a *res ipsa loquitur* charge if he is otherwise entitled to it." *Hollywood Shop, Inc. v. Pa. Gas & Water Co., supra* at 252–53, 411 A.2d at 513.

Nor can Strawbridge claim that it is harmed by such a rule. If the case is a proper *res ipsa* case from the beginning because it involves an accident of the kind that ordinarily does not occur in the absence of negligence, and if plaintiff pleads general negligence from the beginning or otherwise places defendant on notice that he is proceeding on both a general and specific theory of negligence, a defendant can prepare to defend on both bases. This is exactly what Strawbridge did: as Strawbridge points out in its brief, "Here, experts called by both Defendants presented testimony that maintenance on the escalator in question exceeded industry standards (SR 45b–56b); that no condition of the escalator caused or contributed to the accident (SR 65B–68b); and that even if the escalator had been in perfect working order the accident still could have happened (R145a–146a.)." (Strawbridge's brief at 15.) *See also Leet v. Union Pacific R. Co., supra* at 614, 155 P.2d at 51 (where a plaintiff offers some testimony showing specific acts of negligence and is also entitled to the inference of negligence, defendant "is in a better position as he has specific evidence to meet before the trier of fact that may be helpful to him[;][t]he case goes to the trier of fact with the general inference of negligence, plus other evidence of specific acts of negli-

gence, to be weighed against defendant's showing[ ]"); Prosser & Keeton, *supra* § 39, at 261 (noting that if specific allegations are accompanied by general allegations, the defendant has received notice that plaintiff is not relying exclusively on the specific allegations, "and can scarcely claim to have been surprised or misled.").

Strawbridge argues additionally, however, that the D'Ardennes were not entitled to a *res ipsa* instruction because they did not establish each of the three elements necessary to raise the inference of negligence under § 328D of the Restatement, noted *supra*. The trial court did not address this issue because it was not the basis for that court's decision to disallow the instruction. Rather, the court believed that this was not a *res ipsa* case for the sole reason that the D'Ardennes introduced a specific theory as to the cause of Jack's accident. (Trial court opinion, 1/6/97 at 4–5.) Additionally, from as early as the second day of trial, the court clearly indicated its disinclination to allow the *res ipsa* inference to go to the jury. When the D'Ardennes' attorney stated that he was proceeding against Strawbridge on a *res ipsa* theory, the court responded, "that may be your theory but that may not be the court's theory." (Notes of testimony, 4/18/96 at 2.6.)

Nevertheless, we find no merit to Strawbridge's claim that the D'Ardennes failed to establish the first element; namely, that this is the kind of accident that normally does not occur in the absence of negligence. Our supreme court in *Gilbert v. Korvette, Inc., supra*, a factually indistinguishable case, noted that "it cannot be disputed that this accident would not have occurred in the absence of negligence." *Gilbert v. Korvette, Inc., supra* at 614–17, 327 A.2d at 102. Thus, in view of the holding in *Gilbert*, under the facts of this case, the D'Ardennes were entitled to the trial court's charge on this element as a matter of law. See Pa. SSJI (Civ) 5.08 (permitting the court to charge the jury as a matter of law that the accident is of the type that ordinarily does not occur in the absence of negligence).

■ As to Strawbridge's claim that the D'Ardennes failed to eliminate other responsible causes for the accident, we note that it

is not necessary for a plaintiff to exclude all other possible causes of the accident beyond a reasonable doubt. *Smith v. City of Chester, supra* at 26–28, 515 A.2d at 305. Rather, "[a]ll that is required is that appellant present a case from which a jury may reasonably conclude that the negligence was, more probably than not, that of the defendant." *Id.,* citing Restatement (Second) of Torts § 328D comment·f. Our review of the record indicates that the D'Ardennes presented enough evidence pointing to Strawbridge's negligence and eliminating Jack's contributory negligence to make this a jury question. *Leone v. Thomas,* 428 Pa.Super. 217, 221–23, 630 A.2d 900, 902 (1993) (noting that it is enough that negligence on the part of the defendant is the more probable explanation of the injury suffered; the inference is not for the court to draw in any case in which either the conclusion of negligence or its absence is reasonable). *See also* notes of testimony, cited *supra;* notes of testimony, 4/18/96 at 3.161, 3.167–3.168; notes of testimony, 4/25/96 at 99, 171–173; notes of testimony, 4/26/96 at 7.15–7.20.[5]

■ Having found that the trial court committed an error of law when it failed to give the *res ipsa* instruction, we must next decide whether this omission prejudiced the D'Ardennes. *Stewart v. Motts, supra* at 605–07, 654 A.2d at 540. We agree with the *Weigand* court that "In this trial where the cause of the accident did not clearly appear, certainly where there was a dispute as to what it was, plaintiff was entitled to argue upon the whole evidence and the jury would have been justified in relying upon the res ipsa loquitur [inference] applicable to the facts, unless they were satisfied that the cause had been shown to be inconsistent with it." *Weigand v. Pennsylvania Railroad Co.,* 267 F.2d at 286. The jury in this case was not instructed that they could infer negligence if, from the evidence, they found each of the elements of § 328D. Rather, the jury here was instructed that they could only find negligence if they found that the D'Ardennes had established each of the elements of a

claim of negligence under the Restatement (Second) of Torts § 343 (1965) (duty of landowner to business invitee) by a preponderance of the evidence. (Notes of testimony, 5/3/96 at 12.265–12.277.) Because the jury was not instructed that they could infer Strawbridge's negligence as the cause of the accident, we find that the D'Ardennes were prejudiced.

■ Finally, we must address Schindler's claim that the D'Ardennes waived the *res ipsa* issue as to Schindler by failing to argue this issue at the hearing on post-trial motions. (Schindler's brief at 3.) While the transcript of that hearing is not a part of the record certified to this court, Schindler has included the page of hearing testimony on which the D'Ardennes' attorney conceded that *res ipsa* does not apply to Schindler. (S.R.R. at 151b.) We may not, however, consider this testimony. *See Gocek v. Gocek,* 417 Pa.Super. 406, 411 n. 5, 612 A.2d 1004, 1006–07 n. 5 (1992) ("Under our Rules of Appellate Procedure, those documents which are not part of the 'official record' forwarded to this Court are considered to be non-existent.... And, these deficiencies may not be remedied by inclusion in a brief in the form of a reproduced record."). We note, however, that it was the D'Ardennes' responsibility, not Schindler's, to certify the record to this court. *Cade v. McDanel,* 451 Pa.Super. 368, 372–73, 679 A.2d 1266, 1268 (1996). Furthermore, we note that neither the D'Ardennes nor the trial court framed the *res ipsa* issue in terms of Schindler; rather, all of the discussion in the D'Ardennes' brief and the trial court opinion focuses on testimony relevant to Strawbridge's alleged negligence. (*See* trial court opinion, 1/6/97 at 4; appellants' brief at 18, 19, 24–25.) Finally, we note that the D'Ardennes did not file a reply brief challenging Schindler's assertion of waiver. Based on these observations along with our independent review of the record, we agree with Schindler that the *res ipsa* issue is either waived or inapplicable as to Schindler.

---

5. Strawbridge does not claim that the D'Ardennes failed to establish the third element under § 328D; namely that the indicated negligence

was within the scope of Strawbridge's duty to Jack D'Ardenne.

Because we find that the trial court committed an error of law which controlled the outcome of the case, we reverse and remand for a new trial as to Strawbridge only.

Jurisdiction is relinquished.