J-A20017-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| PATRICIA DAY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GENUINE PARTS COMPANY | : | No. 1564 MDA 2022 |
| v. | : | |
| | : | |
| | : | |
| SOUTHWORTH PRODUCTS | : | |
| CORPORATION | : | |

Appeal from the Order Entered October 17, 2022
In the Court of Common Pleas of Northumberland County
Civil Division at CV-2018-01307

| | | |
|---|---|---|
| PATRICIA DAY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GENUINE PARTS COMPANY | : | No. 1597 MDA 2022 |
| v. | : | |
| | : | |
| | : | |
| SOUTHWORTH PRODUCTS | : | |
| CORPORATION | : | |

Appeal from the Order Entered May 13, 2022
In the Court of Common Pleas of Northumberland County
Civil Division at CV-2018-01307

BEFORE: PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

---

[*] Former Justice specially assigned to the Superior Court.

MEMORANDUM BY MURRAY, J.:                    **FILED: SEPTEMBER 22, 2023**

Patricia Day (Appellant) appeals from the order granting summary judgment in favor of Genuine Parts Company (Genuine Parts), and dismissing "all claims and cross claims" with prejudice. Order, 5/13/22. Appellant also appeals from the order granting summary judgment in favor of Southworth Products Corporation (Southworth), because "there is no direct claim" by Appellant. Order 10/17/22. This Court consolidated the appeals by order entered March 17, 2023. Upon review, we conclude Appellant is not entitled to relief. Accordingly, we affirm.[1]

> The trial court summarized the underlying facts:
>
> This is a products liability action arising out of the explosion of an automotive battery at [Appellant's] workplace on January 20, 2017. The battery was used to power a lift adjacent to where [Appellant] was standing. [Appellant] sustained a severe lower right leg injury.

Statement in Lieu of Opinion, 2/10/23, at 1.

On October 1, 2018, Appellant filed a complaint against Genuine Parts.[2] According to Appellant, she "suffered serious and permanent injuries to her right leg" as the result of the battery explosion. Complaint, 10/1/18, at 3, ¶

---

[1] This Court may affirm on any basis. ***See, e.g., Clark v. Peugh***, 257 A.3d 1260, 1271 n.8 (Pa. Super. 2021) ("We may affirm the trial court's decision ... on any basis that is supported by the record") (citation omitted).

[2] Genuine Parts joined Southworth as an additional defendant after learning Southworth manufactured the lift. Motion for Leave to Join Additional Defendant, 2/28/20, at 3-4; Pa.R.C.P. 2252; Order, 5/19/20.

5.    Appellant raised two counts of products liability (design defect and negligent design).  *See id.* at 4-5.  Appellant averred, *inter alia*, that Genuine Parts "designed and/or manufactured and/or assembled" the battery, "which was in a defective condition."  *Id.* at 4, ¶ 12.

On October 22, 2018, Genuine Parts filed preliminary objections based on the "factual inspecificity" of Appellant's complaint.  Preliminary Objections, 10/22/18, at 4.  Genuine Parts averred, *inter alia*, that Appellant failed to plead any facts "as to how the battery [was] 'defective' other than the fact that an explosion incident occurred."  *Id.* at 4, ¶ 19.

Genuine Parts correctly observes that after "some procedural wrangling not relevant on appeal," Appellant filed a second amended complaint on January 8, 2019, which Genuine Parts answered on January 28, 2019, "with general denials and averments of lack of information."  Genuine Parts' Brief at 9.  According to Genuine Parts, Appellant "file[d] suit, but t[ook] almost no discovery."  *Id.*  Genuine Parts states that Appellant "subpoenaed no documents.  And she produced no expert report to support her claims."  *Id.* at 10.

Likewise, Southworth states:

From the onset of this case, Appellant was unresponsive to discovery, which is evidenced by a February 25, 2019 Order compelling discovery Responses from Appellant.  Appellant only responded to [d]iscovery [d]emands after the [t]rial [c]ourt ordered it.

Southworth's Brief at 3. When "discovery closed, on August 19, 2021,

Southworth filed a motion for summary judgment." ***Id.***

The trial court, understating that the "procedural history leading up to

the present appeal is problematic," detailed the proceedings that followed:

> On September 22, 2021, [] Genuine Parts [], filed a Motion for Summary Judgment on the basis that [Appellant] failed to preserve the battery and charger …; there was no evidence as to how the battery was defective, and no expert report was ever obtained to pursue a products liability claim of this nature. [Appellant] failed to file any response to the motion pursuant to Pa.R.Civ.P. 1035.3(d). There was a conference on April 12, 2022, with the court … to determine if discovery was complete in relation to the prior discovery deadline of March 2, 2022. Following the conference, an order was entered [directing] that affidavits be filed within 30 days as to the events relating to discovery between December 1, 2021, and March 2, 2022. [Appellant] did not file an affidavit, but additional Defendant[, Southworth,] filed an affidavit that no additional discovery was requested until the deadline for completion of all discovery.
>
> There appearing that no further discovery was directed to the court's consideration of the Motion for Summary Judgment on behalf of [], Genuine Parts [], th[e trial] court entered an order granting Summary Judgment that was docketed in the Prothonotary's office on May 13, 2022.
>
> Th[e trial] court was not presented with any discovery by [Appellant] as to how she was going to meet her burden of proof at trial. …
>
> The type of product here, an automotive battery, may have exploded for a myriad … of reasons. [Appellant] cannot simply rely on the allegations of h[er] pleadings. Pa.R.Civ.P. 1035.3(c). She did not counter the manufacturer's Motion for Summary Judgment [by identifying] evidence essential to meeting the

*Tincher* [*v. Omega Flex, Inc.*, 104 A.3d 328 (Pa. 2014)] requirements ….[3]

The Order granting Summary Judgment in favor of Defendant, Genuine Parts Company, was entered by the Prothonotary on May 13, 2022; however, the docket does not reflect that the Prothonotary provided notice of the entry of this order to each party's attorney of record as required by Pa.R.C.P. 236(a)(2)[. Appellant] filed on November 10, 2022, a Motion to Reopen the Judgment due to lack of notice of the entry of the order granting Summary Judgment. However, this court did not have any opportunity to consider it, as [Appellant] filed this appeal to the Superior Court five days later.

On November 30, 2022, an order was entered directing [Appellant] to file of record a concise statement of the matters complained of on appeal within twenty days. Pa.R.A.P. 1925(b). To date none was ever filed of record and served upon the undersigned. Rather, [Appellant's counsel] sent a letter dated December 15, 2022, to chambers[,] where he asserts as a reason for the appeal, that "the battery explod[ing] by somebody

---

[3] The law regarding strict liability is clear. "To demonstrate a breach of duty in a strict liability matter, a plaintiff must prove that a seller (manufacturer or distributor) placed on the market a product in a 'defective condition.'" *Tincher*, 104 A.3d at 384.

> The Restatement (Second) of Torts § 402A remains the law of Pennsylvania …. In *Tincher*[, …] our Supreme Court declined to adopt the Restatement (Third) of Torts, but clarified that a plaintiff could prove defective design in two ways: 1) by showing that the product's danger is unknowable and unacceptable to the average consumer (the consumer expectations test); or 2) that a reasonable person would conclude that the probability and gravity of the harm caused by the product outweigh the burden or cost of taking precautions (the risk-utility standard).

*Dunlap v. Fed. Signal Corp.*, 194 A.3d 1067, 1069–70 (Pa. Super. 2018) (citing *Tincher*, 104 A.3d at 399).

depressing a button to operate a lift ... in and of itself, confirms that there was a malfunction within the battery."

[Appellant's] contention appears to be a *res ipsa loquitur* theory. This would be contrary to the required elements of a products liability case as established in **Tincher, supra**. [Appellant] further states in the letter that her position "is supported by the report and corresponding deposition testimony that infers that fluid within the battery evaporated causing the battery to overcharge." Yet, [Appellant] never engaged an expert or obtained an expert report, nor did she ever respond to the Motion for Summary Judgment by pointing to any deposition testimony. Again, there is nothing specific [Appellant] can proffer to meet her burden of proof under **Tincher, supra**.

The letter from [Appellant's] counsel also references as a reason for appeal this court's grant of Summary Judgment to Defendant, Southworth Products Corporation, by order dated October 17, 2022. [Appellant's] assertion in this regard is that [counsel] was unable to depose a corporate representative of Southworth Products Corporation, the manufacturer of the lift.

Statement in Lieu of Opinion, 2/10/23, at 1-4 (footnotes omitted, one footnote added).

Our review confirms, *inter alia*, that the trial court directed Appellant, "pursuant to Pa.R.A.P. 1925(b), … **to file of record** within twenty-one (21) days of the docket entry of this Order, and serve on the undersigned, a concise statement of the matters complained of on appeal of the Orders dated May 13, 2022, and October 17, 2022." Order, 11/30/22 (emphasis added). The order advises that any issue "not properly included in the concise statement

of the matters complained of on appeal shall be deemed waived." *Id.* Appellant did not file a Rule 1925(b) statement.[4]

Although Appellant did not file a Pa.R.A.P. 1925(b) statement, the trial court issued a Statement in Lieu of Opinion explaining its reasons for granting summary judgment. Statement in Lieu of Opinion, 2/10/23, at 1-5. As quoted above, the trial court stated that no Pa.R.A.P. 1925(b) statement "was ever filed of record and served upon the undersigned." *Id.* at 3. The trial court relayed that Appellant's counsel "sent a letter dated December 15, 2022, to chambers [asserting] a reason for the appeal." *Id.* There is no December 15, 2022, correspondence from counsel in the record. On February 17, 2023, the Northumberland County Prothonotary certified the record and transmitted it to this Court for review.

Upon receipt of the certified record, we issued a rule to show cause, stating

> it appears that Appellant failed to file any opposition to the motions for summary judgment and therefore all issues have been waived. *See Devine v. Hutt*, 863 A.2d 1160, 1169 (Pa. Super. 2004) (finding issues waived because arguments not raised initially before trial court in opposition to summary judgment cannot be raised for first time on appeal).
>
> Accordingly, Appellant shall show cause, in the form of a letter addressed to the Prothonotary of this Court with a copy to opposing counsel, why the appeals should not be dismissed. The letter shall be transmitted so as to be actually received by the

---

[4] The record indicates the order directing Appellant's compliance with Pa.R.A.P. 1925(b) was sent to counsel for Appellant, Genuine Parts, and Southworth.

- 7 -

Prothonotary of this Court within ten (10) days from the date of this Order. Failure to comply with this Order may result in dismissal of the appeals without further notice.

The briefing schedules are SUSPENDED pending further Order of Court.

Order, 3/1/23.

Appellant filed a response stating, *inter alia*, that "it is inexplicable as to why the[] responses in opposition to the summary judgment motions were not provided to [the Superior] Court," and "there is no ambiguity in [Appellant's] position that the same were timely filed and considered by the lower court …." Response to Rule to Show Cause, 3/7/23, at 1-2.

This Court subsequently issued an order discharging the rule to show cause, consolidating the appeals, and directing a new briefing schedule. Order, 3/17/23. Pertinently, the order stated:

The parties shall note that this Court may consider only the facts which have been duly certified in the record on appeal. ***See*** Pa.R.A.P. 1921 and Comments following. To the extent the Appellant avers the record is incomplete, Appellant may seek relief in the trial court to supplement the record. ***See*** Pa.R.A.P. 1926. If the trial court grants Appellant the right to supplement the record[,] the trial court shall transmit such supplementation to this Court and such supplementation shall become part of the record on appeal.

***Id.***

Appellant did not seek to supplement the certified record. On April 28, 2023, Appellant filed a reproduced record. In response, Genuine Parts filed an application to strike "non-record parts of the reproduced record." Application to Strike, 5/19/23, at 1-5. Genuine Parts also requested this Court

"strike or disregard those parts of Appellant's Brief that rely on this non-record material." *Id.* at 1. Genuine Parts, *inter alia*, observed that "this Court already noted deficiencies in the certified record," and provided Appellant "with explicit instructions on how to supplement the certified record, if necessary." *Id.* at 2. By *per curiam* order, this Court denied the application to strike "without prejudice to the moving party's right to again raise this issue …." Order, 5/26/23. The case was subsequently assigned to this panel for disposition.

Appellant presents the following issues for review:

WHETHER IT WAS ERROR FOR [THE TRIAL COURT] TO GRANT SUMMARY JUDGMENT WHEN THERE IS SUFFICIENT EVIDENCE OF A MATERIAL ISSUE OF FACT THAT MUST BE PRESENTED TO A JURY IN LIEU OF DISPOSING OF THIS MATTER THROUGH SUMMARY JUDGMENT[?]

    a. IT WAS PRE-MATURE FOR THE COURT TO GRANT SUMMARY JUDGEMENT PRIOR TO THE FULL COMPLETION OF DISCOVERY[.]

    b. APPELLANT HAS A RIGHT TO A TRIAL BY JURY OF HER PEERS[.]

Appellant's Brief at 3.

We review the grant of summary judgment in the context of the entire record, and in the light most favorable to the non-moving party. *Matthews v. Prospect Crozer, LLC*, 243 A.3d 226, 228 (Pa. Super. 2020). We may reverse a grant of summary judgment only if the trial court committed an error of law or an abuse of discretion. *Id.* at 228–29.

A trial court properly grants summary judgment "if, after the completion of discovery relevant to the motion ... an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense[.]" *Id.* at 228 (citing *H & R Block E. Tax Servs., Inc. v. Zarilla*, 69 A.3d 246, 248 (Pa. Super. 2013); Pa.R.C.P. 1035.2(2)).

> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of her cause of action. *Grandelli v. Methodist Hosp.,* 777 A.2d 1138, 1145 n.7 (Pa. Super. 2001). … In other words, "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law," summary judgment is appropriate. *Id.; Abbott v. Schnader, Harrison, Segal & Lewis, LLP,* 805 A.2d 547, 552 (Pa. Super. 2002), *appeal denied,* 573 Pa. 708, 827 A.2d 1200 (2003). Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense. *Grandelli,* [*v. Methodist Hosp.*, 777 A.2d 1138,] 1143 [(Pa. Super. 2001)] (citing Pa.R.C.P. 1035.2 Note).

*Chenot v. A.P. Green Servs., Inc.*, 895 A.2d 55, 61 (Pa. Super. 2006).

"Therefore, where a motion for summary judgment has been made and properly supported, parties seeking to avoid the imposition of summary judgment must show by specific facts in their depositions, answers to interrogatories, admissions or affidavits that there is a genuine issue for trial." *Marks v. Tasman*, 589 A.2d 205, 206 (Pa. 1991). *See also First Wisconsin Trust Co. v. Strausser*, 653 A.2d 688, 695 (Pa. Super. 1995) (holding defendant's argument that lack of discovery bars summary judgment is

"unsympathetic," as defendant did not request discovery in the two years since the answer was filed).

Appellant claims the trial court erred in granting summary judgment, "as there is sufficient evidence that a material issue of fact exists in this matter." Appellant's Brief at 10. Appellant asserts that discovery was not complete. *Id.* at 11. According to Appellant, "the record … was not fully developed" because the trial court "failed to compel the deposition of witnesses" from Genuine Parts and Southworth. *Id.*

Genuine Parts argues Appellant "cannot prove her case on the merits." Genuine Parts' Brief at 15. However, Genuine Parts initially argues:

> **First**, the Court could dismiss the appeal or affirm, because the certified record lacks any response to the appellees' motions for summary judgment or a Rule 1925(b) statement, and [Appellant]'s Brief and Reproduced Record contain substantial defects. Effective appellate review requires issue preservation, creation of a supporting record, and briefing of those issues. [Appellant] fails on all three points.

*Id.* (emphasis in original); *see also id.* at 17-20.

In response to the various claims by the trial court and Genuine Parts regarding Appellant's procedural missteps, Appellant states:

> The [trial court] infers in [the] Statement in Lieu of Opinion, that Counsel for the Appellant failed to provide an affidavit that was requested by order dated April 12, 2022. Likewise, the [trial court] indicates that this counsel failed to file a concise statement of the matter complained of on appeal. Further, upon appeal we learned that the [trial court] failed to include the Appellant's Response and Response Briefs to the Motions for Summary Judgment in the certified record. However, the Appellant has consistently provided to the [trial c]ourt all documents required by hand delivery and/or overnight mail. However, it is now very

apparent that none of those documents were properly docketed by the [trial c]ourt upon receipt[,] over which the Appellant has no control and for which we take issue[,] as we have consistently complied with all required filings.

Appellant's Brief at 9-10 n.1.

The above claim is specious. Appellant disregards the trial court's order directing compliance with Pa.R.A.P. 1925(b), as well as the express language of Rule 1925. **The trial court ordered Appellant**, "pursuant to Pa.R.A.P. 1925(b), … **to file of record** within twenty-one (21) days of the docket entry of this Order, and serve on the undersigned, a concise statement of the matters complained of on appeal of the Orders dated May 13, 2022, and October 17, 2022." Order, 11/30/22 (emphasis added).

Rule 1925(b) is unequivocal:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.** If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order <u>directing the appellant to file of record in the trial court</u> and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

Pa.R.A.P. 1925(b) (bold emphasis in original, underline added). Like the trial court's order, Rule 1925 cautions that issues "not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii).

This Court has repeatedly held that "'failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the

issues raised.'" ***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (emphasis in original) (quoting ***Commonwealth v. Schofield***, 888 A.2d 771, 774 (Pa. 2005)). "Whenever a trial court orders an appellant to file a concise statement of [errors] complained of on appeal pursuant to Rule 1925(b), the appellant *must* comply in a timely manner." ***Greater Erie Indus. Dev. Corp***, 88 A.3d at 225 (italics in original, citations omitted).

"[I]n determining whether an appellant has waived issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation[;] ... therefore, we look first to the language of that order." ***U.S. Bank, N.A. for Certificateholders of LXS 2007-7N Tr. Fund v. Hua***, 193 A.3d 994, 997 (Pa. Super. 2018) (citation omitted). As discussed above, the trial court ordered Appellant, "pursuant to Pa.R.A.P. 1925(b), … **to file of record** within twenty-one (21) days of the docket entry of this Order, and serve on the undersigned, a concise statement of the matters complained of on appeal," and advised that any issue "not properly included in the concise statement of the matters complained of on appeal shall be deemed waived." Order, 11/30/22 (emphasis added). Appellant failed to file a concise statement of record.

This Court has observed that the "filing requirement is distinct from the service requirement in that the filing requirement ensures that the Concise Statement becomes part of the certified record." ***Everett Cash Mut. Ins.***

***Co. v. T.H.E. Ins. Co.***, 804 A.2d 31, 34 (Pa. Super. 2002) (citation omitted)

(finding appellant waived issues where appellant "indicate[d], at best, that the

Concise Statement was **served** on the trial judge but never **filed** as part of

the official record."). We explained:

> It remains undisputed that these documents were not made part of the certified record on appeal[] and were never listed on the trial docket. …
>
> ***
>
> … [W]e conclude that Appellant's issues are waived for failing to file a Concise Statement and for failing to ensure that the Concise Statement was made part of the certified record. "It is the obligation of the appellant to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal." ***Hrinkevich v. Hrinkevich***, 450 Pa.Super. 405, 676 A.2d 237, 240 (1996) (citation omitted). "Under our Rules of Appellate Procedure, those documents which are not part of the 'official record' forwarded to this Court are considered to be non-existent." ***D'Ardenne v. Strawbridge & Clothier, Inc.***, 712 A.2d 318, 326 (Pa.Super.1998) (citation omitted), *appeal denied,* 557 Pa. 647, 734 A.2d 394 (1998). "[T]hese deficiencies may not be remedied by inclusion in a brief in the form of a reproduced record." ***Id.*** Similarly, **these deficiencies cannot be cured by indicating that the relevant document was simply mailed to the office of the trial judge but not filed of record.** …

***Everett Cash Mut. Ins. Co.***, 804 A.2d at 33-34 (emphasis added).

After careful review, we conclude Appellant has waived all issues by

failing to properly file and serve the court-ordered Rule 1925(b) statement.

This Court has warned:

> [O]ur Supreme Court does not countenance anything less than stringent application of waiver pursuant to Rule 1925(b): "[A] bright-line rule eliminates the potential for inconsistent results ... Succinctly put, it is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements.

***Greater Erie Indus. Dev. Corp.***, 88 A.3d 224.

We have further opined that to "hold otherwise would invite abuse. Such a ruling would provide litigants with an opportunity to salvage appeals otherwise waived or improperly preserved by procedural error …." ***U.S. Bank, N.A.***, 193 A.3d at 998 (concluding appellants waived all issues).

Consistent with the record and legal precedent, we affirm the orders granting summary judgment in favor of Genuine Parts and Southworth.

Orders affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2023

- 15 -