WILLIAMSON, J.,
This matter comes before us on a motion for summary judgment filed by Bracey’s Mt. Pocono, Inc. (hereinafter, “moving defendant”) on August 25, 2014. Juana Rosario (hereinafter, “plaintiff’) filed an answer to the moving defendant’s motion on September 22,2014. In the motion, moving defendant argues that plaintiff cannot show that the moving defendant knew or should have known of the condition in question, or that the condition involved an unreasonable risk of harm to the plaintiff. Specifically, moving defendant asserts that, following exchange of discovery in this case, there is no evidence that they knew or should have known of a dangerous condition on their premises. As such, moving defendant concludes that plaintiff cannot establish the requisite elements *99 of negligence, therefore entitling moving defendant to summary judgment.
According to the parties’ pleadings, the accident in question occurred on or about November 16, 2009 at a ShopRite supermarket located in Mt. Pocono, Pennsylvania. The supermarket is operated by moving defendant. According to the complaint, filed on October 26, 2011, plaintiff was shopping in the supermarket when she slipped on white rice that had spilled onto the floor. Plaintiff was able to keep herself from falling by reaching her hand out to grab onto a shelf, but in doing so she sustained injury to her hand. Moving defendant filed an answer and new matter to plaintiff’s complaint on December 7, 2011. Plaintiff filed a reply to moving defendant’s new matter on December 12, 2011. As previously mentioned, moving defendant filed the instant motion for summary judgment on August 25, 2014. The plaintiff filed a response to moving defendant’s motion for summary judgment on September 22, 2014. Oral arguments in the instant matter were held on October 6, 2014. After review of the parties’ briefs and arguments thereon, we are ready to dispose of moving defendant’s motion for summary judgment.
DISCUSSION
Summary judgment may be granted pursuant to Pennsylvania Rule of Civil Procedure 1035.2 where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 468-69 (Pa. 1979). Summary judgment is properly entered where the *100 pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. Pa. R.C.P. 1035(b); Cosmas v. Bloomingdales Bros., Inc., 660 A.2d 83, 85 (Pa. Super. 1995).
Summary judgment may be granted only in cases where the right is clear and free from doubt. Musser v. Vilsmeier Auction Co., Inc., 562 A.2d 279, 280 (Pa. 1989). The court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. Davis v. Pennzoil Co., 264 A.2d 597 (Pa. 1970). Moreover, the burden is on the moving party to prove that no genuine issue of material fact exists. Long v. Yingling, 700 A.2d 508, 512 (Pa. Super. 1997). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Thompson, 412 A.2d at 469. In response, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. Phaff v. Gerner, 303 A.2d 826 (Pa. 1973). The court may also accept as true all well-pled facts contained in the non-moving party’s pleadings. Mattia v. Employment Mut. Cos., 440 A.2d 616 (Pa. Super. 1982); Ritmanich v. Jonnel Enters, Inc., 280 A.2d 570 (Pa. Super. 1971). A general denial is unacceptable and deemed an admission where it is clear that the non-moving party has adequate knowledge and that the means of information are within the control of the non-moving party. Elia v. Olszewski, 84 A.2d 1889 (Pa. 1951).
The instant motion for summary judgment requires *101 us to determine whether, at this stage of the proceedings, granting summary judgment in favor of moving defendant is appropriate. In support of the motion, moving defendant makes two arguments. First, moving defendant argues that plaintiff has produced no evidence that the moving defendant had actual knowledge of the existence of the spilled rice on the floor. Moving defendant further argues that actual notice of a harmful condition can be shown by evidence that the store itself created the offending condition or that the condition is one that the owner knew had frequently recurred. Moultrey v. The Great A & P Tea Company, 281 Pa. Super. 525, 422 A.2d 593 (1980). Moving defendant argues that since plaintiff did not produce evidence that moving defendant caused the rice to be present on the floor nor that the spilled rice was a frequently recurring condition, plaintiff did not prove actual notice. Second, moving defendant argues there is no evidence they had, or could be imputed with, constructive notice of the spilled rice at any time prior to the plaintiff’s fall. Since the hazard cannot be identified as existing for any period of time, moving defendant claims that constructive notice cannot be established.
In response, plaintiff argues that summary judgment is not appropriate at this time. First, plaintiff argues that the relationship between plaintiff and moving defendant is that of landowner and the landowner’s invitee. Plaintiff further argues that under The Restatement (Second) of Torts, Section 343, “an invitee is entitled to expect that the [business owner] will take reasonable care to ascertain the actual condition of the premises and, having discovered it, either to make it reasonably safe by repair or to give *102 warning of the actual condition and the risk involved therein.” Plaintiff states that an eyewitness, Demaris Soto, has testified to the condition of moving defendant’s premises, specifically the condition of the aisle where plaintiff sustained injury. Additionally, the moving defendant’s store manager’s, Ann Kaczmarek-Strunk’s, deposition testimony states that both she and other store employees continuously walk the aisles of the store, looking for any debris or defects. Since Ms. Kaczmarek-Strunk’s recollections of the inspections conducted in the store differ from the actual observations made by Ms. Soto, plaintiff argues that this constitutes a genuine issue of material fact rendering summary judgment inappropriate.
As stated above in our recitation of the standard of law in a summary judgment motion, the entry of such is only appropriate when the right is “free and clear from doubt.” Musser, 562 A.2d at 280. Furthermore, we are instructed that summary judgment is appropriate when there is no genuine issue of material fact, or, if after the completion of discovery relevant to the motion, the party bearing the burden of proof at trial has failed to produce evidence of essential facts to the cause of action. See, Pa. R.C.P. 1035.2(1), (2). With regard to outstanding discovery requests and entering summary judgment, we are told that summary judgment may be entered “prior to the completion of discovery matters where additional discovery would not aid in the establishment of any material fact.” Manzetti v. Mercy Hospital of Pittsburgh, 776 A.2d 938, 950-51 (Pa. 2001). Therefore, it is imperative for us to determine whether discovery is complete, and if additional discovery would aid in the establishment of a material fact.
*103 Taking the above arguments into consideration, we find that summary judgment is not appropriate at this time, as there are questions of material fact surrounding the issue of whether moving defendant had notice or should have known of the condition which caused the plaintiff to slip and injure herself. Further, we believe a determination of the credibility of both parties’ witnesses needs to be made by the fact finder in order to properly support judgment for either side.
Preliminarily we recognize that, for purposes of application to the type of duty owed, plaintiff in this matter is a business invitee. As such, The Restatement (Second) of Torts §343 applies directly to this case.[1]
In a similar case, the Pennsylvania Superior Court discussed the application of §343 to a situation involving a supermarket’s responsibility to its patrons. In Neve v. Insalaco's, 771 A.2d 786 (Pa. Super. 2001), the court cited verbatim the language found in §343 and went on to state that an “invitee must present evidence proving that the proprietor deviated from the duty of reasonable care that it owed in the circumstances, i.e., that the proprietor knew or in the exercise of reasonable care should have known of the harmful condition.” Id. at 791. The court found that an invitee “can satisfy this burden by establishing, inter alia, that the proprietor had constructive notice of the harmful condition.” Id. The court also held that an “invitee can also satisfy its burden by establishing that the proprietor *104 helped to create the harmful condition or had actual notice of it.” Id. N.5 (citing Zito v. Merit Outlet Stores, 647 A.2d 573, 575 (Pa. Super. 1994).
Guided by the Superior Court’s rule in Neve we find that plaintiff could establish the notice requirement of the claim if plaintiff is able to prove either that defendant helped to create the harmful condition in question, (i.e., the rice on the floor), had actual notice of the harmful condition, or had constructive notice of the condition. Currently, moving defendant is unable to meet its burden for summary judgment as questions of material fact with regard to notice still exist. Specifically, whether or not moving defendant had a hand in creating the harmful condition is an issue of material fact in dispute. An issue for the fact finder is whether or not the moving defendant knew or should have known of the hazardous condition created by the spilled rice.
In conclusion, viewing the evidence in a light most favorable to the non-moving party, this court finds there to be genuine issues of material facts as presented through the pleadings, oral arguments, depositions and exhibits of both plaintiff and moving defendant. As such, summary judgment is not appropriate at this time, and we enter the following order.
ORDER
And now, this 29th day of October, 2014, upon consideration of defendant’s, Bracey’s Mt. Pocono, Inc.’s, motion for summary judgment, the same is denied.

. Restatement (Second) of Torts §343 has been cited with approval in Pennsylvania by the Pennsylvania appellate courts. See, e.g., Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983); Lonsdale v. Joseph Home Co., 587 A.2d 810, 811 (Pa. Super. 1991).