J-S20037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KATRINA SOOHEY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SHEETZ, INC., | |
| Appellee | No. 1407 WDA 2015 |

Appeal from the Order Entered August 18, 2015
in the Court of Common Pleas of Westmoreland County
Civil Division at No.: 1114 of 2015

BEFORE: PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                               **FILED MARCH 29, 2016**

Appellant, Katrina Soohey, appeals from the trial court's order sustaining the preliminary objections in the nature of a demurrer of Appellee, Sheetz, Inc., and dismissing her complaint of negligence. We affirm.

On March 4, 2015, Appellant filed a complaint, asserting a claim of negligence against Appellee. The complaint avers that on the morning of May 1, 2013, she entered a Sheetz, Inc. store on her way to school. While carrying her wallet in her hands, she brewed a cup of cappuccino at the self-serve machine, placed a lid on the hot cappuccino, and then carried it to the cooler where she obtained a bottle of Gatorade and a glass bottle of

_____

[*] Retired Senior Judge assigned to the Superior Court.

Starbucks coffee. She carried all of these items, including her wallet, in her hands and arms. While reaching for a pack of pack of gum, the glass bottle of Starbucks coffee and the hot cappuccino began to slide from her grasp. The bottle of coffee crashed to the floor and the cappuccino spilled on her left arm and breast causing scalding burning to her left breast. (**See** Complaint, 3/04/15, at 2-3). Appellant alleges that Appellee is liable for this harm because of its negligence in not providing a shopping basket to carry multiple items (including at or near boiling temperature cappuccino) or a place to put them, making customers carry hot beverages through the store, and failure to warn of the danger of carrying hot beverages through the store.[1] (**See** Complaint, at 3-6).

On April 13, 2015, Appellee filed preliminary objections in the nature of a demurrer to the complaint arguing that the trial court should dismiss it because Appellant failed to "plead any legally cognizable duty owed to her under Pennsylvania law." (Preliminary Objections, 4/13/15, at 2). The trial court heard oral argument on the objections on July 22, 2015. On August 18, 2015, it entered an order, which found that "in the exercise of due care, [Appellant] could have avoided the harm that was caused by her carrying

_____

[1] Although Appellant states that she alleged fourteen "separate detailed allegations of negligence," a review of her complaint reveals fourteen often repetitive underdeveloped statements, which, at best, allege the three allegations of negligence stated above. (Appellant's Brief, at 1; **see** Complaint, at 3-6).

too many items at once, including her own wallet, and tucking a cup of hot coffee between her forearm and chest." (Order, 8/18/15, at 3). The count concluded that it "[could not] find that [Appellant's] harm was foreseeable, or that [Appellee] had a duty to prevent said harm in this matter as the alleged 'condition' was open and obvious to [Appellant] and all other business invitees on the premise" and therefore sustained Appellee's objections and dismissed the complaint. (**Id.** at 4). This timely appeal followed.[2]

Appellant raises two questions on appeal:

I.: [Whether] the [trial] court improperly refuse[d] to acknowledge the specific allegations of negligence contained in Appellant's complaint?

II.: [Whether] the [trial] court err[ed] in concluding Appellant was required to plead a defect in the land that created the unreasonable risk of harm?

(Appellant's Brief, at vi).

Our standard of review of a trial court order sustaining preliminary objections in the nature of a demurrer is well settled.

A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the

_____

[2] Appellant filed a timely notice of appeal on September 14, 2015. The trial court did not direct Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). On October 2, 2015, it entered an order pursuant to Rule 1925(a), which adopted the reasoning in its August 18, 2015 order. **See** Pa.R.A.P. 1925(a).

pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true.

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case i[s] free and clear of doubt.

Thus, the question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

***Barton v. Lowe's Home Centers, Inc.***, 124 A.3d 349, 354 (Pa. Super. 2015) (citation omitted).

In her first issue, Appellant claims that the trial court erred in refusing to acknowledge the specific allegations of negligence in her complaint. (***See*** Appellant's Brief, at 4-5). Appellant cites no relevant case law, but argues that the trial court erred by not accepting her allegation that the temperature of her cappuccino was in excess of industry standards and

therefore, she adequately pleaded a claim of negligence.[3] (**See id.**). We disagree.

"To prevail in a negligence action, the plaintiff must show that the defendant had a duty to conform to a certain standard of conduct, that the defendant breached that duty, that such breach caused the injury in question, and actual loss or damage." **Barton**, **supra** at 359 (citation omitted).

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land, if but only if, he:
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.
>
> It does not follow . . . however, that the proprietor of a store is an insurer of its patrons. Neither the mere existence of a harmful condition in a store nor the mere happening of an accident due to such a condition evidences a breach of the proprietor's duty of care or raises a presumption of negligence.

_____

[3] We note that in support of this contention, Appellant cites to Restatement Second of Torts § 286, which describes negligence *per se* liability based upon violation of a statute. However, she never alleges that any statute or regulation was violated to form a basis for negligence *per se*. (**See** Appellant's Brief, at 4-5). Furthermore, although she cites two cases where this Court affirmed admitting OSHA regulations as a standard of care, they are not relevant here where she has not alleged an OSHA violation. (**See id.** at 5; Complaint, at 3-6); **see also** Occupational Health and Safety Act of 1970 (OSHA), 29 U.S.C. §§ 651-78.

*Neve v. Insalaco's*, 771 A.2d 786, 790 (Pa. Super. 2001) (citations omitted).

Here, Appellant has not shown and we do not discern that the trial court committed an error of law or abused its discretion in finding that the complaint failed to plead that Appellee owed a duty to Appellant. (**See** Order, 8/18/15, at 3-4); *Barton*, *supra* at 354, 359. Upon review of the pleadings and the trial court's order, it is apparent that the trial court accepted as true all material facts set forth in the complaint and all of the reasonably deductible inferences from those facts. *See id.* at 354. We note that while the trial court was bound to accept Appellant's well pleaded factual allegations, the court was not bound to accept her conclusion of law that Appellee therefore had a duty to her and breached that duty. *See id.* at 359; *see also Whitmer v. Bell Telephone Co. of Pennsylvania*, 522 A.2d 584, 586 n.3 (Pa. Super. 1987) (reasoning that while a trial court is bound to accept as true allegation in complaint, it is not bound to accept conclusion of law). Accordingly, Appellant's first issue does not merit relief.

In her second issue, Appellant claims "the [trial] [c]ourt has confused immunity afforded governmental units under statutory law with the [c]ommon [l]aw negligence" and argues that the trial court erred by requiring her to plead a defect in the land in order to show that Appellee

created an unreasonable risk of harm. (**See** Appellant's Brief, at 6).[4] We disagree.

Preliminarily, we note that Appellant has failed to develop this argument. Her brief includes one paragraph of argument in support of this contention, which lacks legal analysis and citation to relevant case law. (**See id.**). Accordingly, she has waived this issue. **See** Pa.R.A.P. 2119(b). Moreover, even if she had not waived this issue, her claim that the trial court required her to plead a defect in the land itself in order to establish a claim of negligence is belied by the record.

Possessors of land are subject to liability for conditions that are known to the possessor only where the possessor "should expect that [invitees] will not discover or realize the danger, or will fail to protect themselves against

_____

[4] We note that Appellant has misquoted the trial court's order, which reads:

> In the present matter, the harm Plaintiff suffered was not due to a condition on the land that created an unreasonable risk of harm, for example, a wet floor or an icy sidewalk, but was allegedly caused by the lack of the availability of a shopping basket in which Plaintiff could have placed her purchases to conveniently carry them.

(Order, 8/18/15, at 3). The paragraph continues:

> Plaintiff does not plead any known or obvious condition or defect with the land itself, other than the failure of Defendant to provide a shopping basket for customers who want to make multiple purchases. . . .

(**Id.**).

it[.]" ***Carrender v. Fitterer***, 469 A.2d 120, 123 (Pa. 1983) (quoting Restatement Second of Torts § 343(b)). Additionally,

> The possessor of the land may reasonably assume that [an invitee] will protect himself by the exercise of ordinary care, or that he will voluntarily assume the risk of harm if he does not succeed in doing so. Reasonable care on the part of the possessor therefore does not ordinarily require precautions, or even warning, against dangers which are known to the visitor, or so obvious to him that he may be expected to discover them.

Restatement Second of Torts § 343A, comment e.

Here, the trial court cited Restatement Second of Torts § 343 to describe the duty a landowner owes an invitee and explained that under ***Carrender***, the duty is only owed where the harm is foreseeable. (***See*** Order, 8/18/15, at 2-3). The trial court never sets forth any requirement that a duty only arises from a defect in the land. (***See id.*** at 2-4). In considering Appellant's argument, the trial court reasoned "a plaintiff does not lose her own duty to act with ordinary care in conducting her business when she sets foot on another's land." (***Id.*** at 3). It then found

> the lack of shopping baskets in this case was a known and obvious aspect of the convenience store, and that, in the exercise of due care, [Appellant] could have avoided the harm that was caused by her carrying too many items at once, including her own wallet, and tucking a cup of hot coffee between her forearm and chest.

(***Id.***). Finally, the court concluded that it "[could not] find that [Appellant's] harm was foreseeable, or that [Appellee] had a duty to prevent said harm in this matter as the alleged 'condition' was open and obvious to [Appellant] and all other business invitees on the premise." (***Id.*** at 4).

We discern no error of law or abuse of discretion in the trial court's reasoning or conclusion that Appellant has failed to show that the harm was foreseeable, or that Appellee had a duty to protect her from such harm. *See Barton*, *supra* at 354; *Neve*, *supra* at 790. Accordingly, Appellant's second issue would not merit relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2016