J-S19001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JEFFREY DIPASQUALE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MODELL'S PA II, INC., | : | |
| | : | |
| Appellant | : | No. 3261 EDA 2017 |

Appeal from the Judgment Entered August 28, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  August Term, 2015 No. 4126

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 02, 2019**

Modell's PA II, Inc. ("Modell's") appeals from the judgment, entered in the Court of Common Pleas of Philadelphia County, following the denial of its motion for post-trial relief in this negligence action.  After careful review, we affirm.

On September 26, 2013, Jeffery DiPasquale visited Modell's to purchase two dumbbells.  After selecting two octagonal, thirty-pound dumbbells, DiPasquale placed one dumbbell on the checkout counter and the other on a shelf attached to the front of the counter.  As DiPasquale reached for money from his pocket, the dumbbell slid off the shelf and landed on his right foot. The weight broke a bone DiPasquale's right great toe, while also generally causing damage to the bones, nerve tissue, muscles and ligaments of his right foot.

_____
\* Retired Senior Judge assigned to the Superior Court.

The case was assigned to compulsory arbitration, where, on October, 11, 2016, the panel awarded DiPasquale $25,000. On November 9, 2016, Modell's appealed the award. On March 6, 2017, Modell's filed a motion for summary judgment, which the court denied.

The case proceeded to a non-jury trial on June 21, 2017, before the Honorable Shelly Robins-New. At trial, DiPasquale presented the following evidence: 1) Modell's surveillance footage from September 26, 2013, showing the dumbbell falling off the shelf without being touched by anyone; 2) photographs and video footage taken by DiPasquale on September 29, 2013, showing the shelf loose, chipped, and tilted away from the counter; 3) the testimony of Matthew Jones, a Modell's manager, affirming that the dumbbell suddenly dropped from the shelf without anyone, including DiPasquale, touching the dumbbell; and 4) the video deposition testimony of Dr. Valentino Ciullo, a podiatric and wound care surgeon, who testified to treating DiPasquale's injuries for over one year.

At the close of DiPasquale's case-in-chief, Modell's moved for a compulsory nonsuit, arguing DiPasquale failed to establish a *prima facie* case of negligence. The court denied Modell's motion. At the trial's conclusion, Judge Robins-New found Modell's negligent and fully responsible for DiPasquale's injuries, assessing $36,185.00 in damages. On June 29, 2017, DiPasquale filed a motion to mold the verdict to include a $1,243.67 interest award. On July 3, 2017, Modell's filed a motion for post-trial relief. On August 25, 2017, the court issued two orders. First, the court molded the verdict to

include the interest award, as requested by DiPasquale. Second, the court denied Modell's motion for post-trial relief and entered judgment in favor of DiPasquale in the amount of $37,428.67.

On September 25, Modell's timely filed a notice of appeal. Both Modell's and the court complied with Pa.R.A.P. 1925.

Modell's presents one issue for our review:

Whether the trial court abused its discretion and/or erred as a matter of law by entering judgment in favor of [DiPasquale] and denying [Modell's] motion for summary judgment, motion for compulsory nonsuit and motion for post-trial relief seeking a new trial,[1] each of which argued that [DiPasquale] failed to produce any record evidence to establish the existence of a defective condition or notice of any defect, both of which were necessary to support his claim of negligence against [Modell's?]

Brief of Appellant, at 4 (capitalization adjusted).

When considering a trial court's verdict in a non-jury trial, we adhere to the following standard:

Our standard of review in non-jury trials is to assess whether the findings of facts by the trial court are supported by the record and whether the trial court erred in applying the law. Upon appellate review[,] the appellate court must consider the evidence in the light most favorable to the verdict winner and reverse the trial court only where the findings are not supported by the evidence of record or are based on an error of law. Our scope of review regarding questions of law is plenary.

---

[1] We note any claim that the trial court should have granted Modell's motions for summary judgment and compulsory nonsuit is moot. *See Whitaker v. Frankford Hosp. of City of Philadelphia*, 984 A.2d 512, 517 (Pa. Super. 2009) ("Once this case proceeded to trial and Appellants presented a defense, the trial court's refusal to grant them summary judgment and a compulsory nonsuit became moot.").

*Century Indemnity Co. v. OneBeacon Ins. Co.*, 173 A.3d 784, 802 (Pa. Super. 2017) (citations omitted).

There is no dispute as to duty, causation, or damages in this negligence claim; the parties dispute only whether Modell's breached the duty of care it owed DiPasquale as a business invitee. *See* Brief of Appellant, at 24. "The duty owed to a business invitee is the highest duty owed to any entrant upon land. The landowner is under an affirmative duty to protect a business visitor not only against known dangers but also against those which might be discovered with reasonable care." *Truax v. Roulhac*, 126 A.3d 991, 997 (Pa. Super. 2015); *see also* Restatement (Second) of Torts, § 343, Comment d ("an invitee is entitled to expect that the possessor will take reasonable care to ascertain the actual condition of the premises and, having discovered it, either to make it reasonably safe by repair or to give warning of the actual condition and the risk involved therein.").

We apply the Restatement (Second) of Torts § 343 to ascertain the scope of the duty owed by property owners to business invitees. *Campsi v. Acme Markets, Inc.*, 915 A.2d 117, 119 (Pa. Super. 2006). Section 343 states:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

- 4 -

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343. The invitee, therefore, must prove either that "the proprietor knew [of,] or in the exercise of reasonable care[,] ought to have known of the harmful condition." ***Neve v. Insalaco's***, 771 A.2d 786, 790 (Pa. Super. 2001).

The invitee can satisfy this burden by establishing, *inter alia*, that "the proprietor had constructive notice of the harmful condition." ***Id.*** Finding constructive notice is a fact-specific inquiry, which places great importance on the amount of time between the origin of the defect and the accident at issue. ***See id.*** To prove a store had constructive notice of a harmful condition, "a plaintiff need not produce positive testimony as to how long the defect existed if: (1) the defect is the type with an inherently sustained duration, as opposed to a transitory spill . . . and (2) a witness saw the defect immediately before or after the accident. ***Id.*** (citations omitted); ***see also id.*** at 791 (comparing case finding constructive notice where injury resulted from "a raised metal strip on a stair" with another rejecting constructive notice where injury resulted from "spilt soup on the floor") (citing ***Hartigan v. Clark***, 165 A.2d 647, 652 (Pa. 1960) and ***Rodgers v. Horn & Hardart Baking Co***, 127 A.2d 762, 764 (Pa. Super. 1956)).

Modell's argues DiPasquale failed "to adduce any record evidence that proves that Modell's had active or constructive notice of the alleged hazardous condition[.]" Brief of Appellant, at 28. Therefore, according to Modell's, the trial court abused its discretion in finding DiPasquale met "his requisite burden of proving that a hazardous condition was present for a reasonable amount of time . . . to allow Modell's to correct the alleged defect." *Id.* at 34.

We disagree. Viewing the evidence in the light most favorable to DiPasquale, the court reasonably concluded Modell's had constructive notice of the shelf's hazardous condition. **See Insalaco's**, **supra** at 790. First, the instability of the shelf constitutes a defect of sufficient durability such that Modell's would have had time to discover its structural flaws.[2] **Id.** Second, the security camera recording, as viewed by Modell's manager Matthew Jones, showed the weight falling on DiPasquale's foot without being touched by anyone, despite the weight being unable to roll due to its shape. N.T. Trial, 6/21/17, at 63, 70. The record, therefore, supports both requirements for finding constructive notice of a hazard in the absence of positive evidence. **See Insalaco's**, **supra** at 790. DiPasquale was thus entitled to the presumption that Modells would "either . . . make [the hazardous condition]

---

[2] Though DiPasquale waited three days to gather photo and video evidence showing the shelf in a cracked and unstable condition, Jones admitted no repairs had been made after the accident. N.T. Trial, 6/21/17, at 69.

reasonably safe by repair or to give warning of the actual condition." Restatement (Second) of Torts, § 343, Comment d.

Based on our review of the record, we conclude the trial court properly found Modell's possessed constructive notice of a dangerous condition. Consequently, the judgment of the court is supported by the record. ***Century Indemnity Co.***, ***supra***.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/19