J-S16016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ARLENE KRAPF | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| REDNER'S MARKETS, INC. | : | No. 2838 EDA 2019 |

Appeal from the Order Entered September 12, 2019
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
No. 2018-C-2006

BEFORE: DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JULY 01, 2020**

Arlene Krapf appeals from the order granting the motion for summary judgment filed by Redner's Markets, Inc. ("Redner's) and dismissing Krapf's negligence claim with prejudice. Krapf argues that she produced sufficient evidence to support her claim of negligence and the court erred in finding the theory of *res ipsa loquitur* did not apply. We affirm.

The trial court summarized the facts as follows:

> On May 1, 2018, Krapf, age 100, was grocery shopping with her adult granddaughter Terri Rothrock ("Rothrock") at a local Redner's. Rothrock had left Krapf alone when she went to the ladies' room. After shopping for a period of time, Krapf decided to check on Rothrock and proceeded to walk down a hallway leading to the restrooms. While walking upon the linoleum tile floor Krapf fell and was injured. On July 30, 2018, Krapf sued Redner's alleging that one of the tiles on the floor had a defect which caused her fall, thereby claiming Redner's was negligent in failing to remedy or warn about an unsafe condition on the premises.

Trial Court Opinion, filed Nov. 25, 2019, at 1-2 ("1925(a) Op.").

At her deposition, Krapf testified that while she was walking down the hallway, her foot "got stuck at the spot there," and she fell. N.T., Dep. of Krapf, 10/31/18, at 60. She identified the spot by circling it on a photograph. She testified, however, that she did not know what caused her to fall and she could not remember whether the spot had anything to do with it. *Id.* at 59. She stated that she did not feel dizzy before the fall and did not remember telling either a Redner's employee or a paramedic that she had gotten dizzy and lost consciousness. *Id.* at 34, 62-63. She testified that she had never fallen or experienced dizziness before the incident. *Id.* at 96-97. Krapf said she had seen the spot on the floor before the day of the fall, stating she saw "it a lot when I would go to the ladies' room," and that she would try to avoid it. *Id.* at 66. She did not state, however, that the spot had been there for any particular period of time.

Krapf's granddaughter, Terri Rothrock, testified at her deposition that when Rothrock came out of the bathroom, she saw Krapf "on the floor in a pool of her own blood." N.T., Dep. of Rothrock, 3/21/19, at 42. Rothrock said that when she asked what happened, Krapf replied, "I just went down." *Id.* at 44. Rothrock returned to the store the next day, and saw the chip in the tile. *Id.* at 56.

A Redner's employee testified that Krapf informed the paramedics that "she felt dizzy and fainted." Redner's Motion for Summary Judgment, at Exh. C, N.T. (Dep. of Ryan Haydt), 3/20/19, at 35. Further, the emergency medical

technician who transported Krapf to the hospital testified that Krapf said that she became dizzy and fell.[1] Redner's Motion for Summary Judgement, at Exh. E, N.T. (Dep. of Patrick Stankovic), 4/23/19, at 17.

The director of risk management at Redner's, John Flickinger, testified that district managers complete a safety and sanitation inspection once a quarter and that the store management is responsible for walking the floor and reporting maintenance issues. N.T. (Dep. of John Flickinger), 4/25/19, at 6-7.

The trial court granted Redner's motion for summary judgment, finding Krapf failed to establish Redner's breached a duty of care by having a dangerous condition on the property or that the purported defect caused Krapf to fall. It concluded Krapf did not establish the spot on the floor was a defective or dangerous condition, including that she failed to present expert testimony that the floor was defective and, if the floor had a defect, how long the defect had existed. It further found that the doctrine of *res ipsa loquitur* did not apply because the record supports alternate theories of causation, including that Krapf became dizzy and fell. Krapf filed a timely notice of appeal.

Krapf raises the following issues:

> 1. Whether the trial court erred in granting summary
> judgment where the Appellant produced sufficient evidence

---

[1] Although there was video of the incident, and Redner's included this in its supplemental reproduced record, it was not included in the certified record. We will therefore not consider it. Krapf does not rely on this video in support of her claim.

to support each and every element for her claim of negligence, including the element of causation?

2. Whether the trial court erred in granting summary judgment where there was sufficient evidence to establish the cause of action under the theory of *res ipsa loquitur*?

3. Whether the trial court erred in granting summary judgment where the evidence shows that Appellee, Redner's, owed Appellant, Krapf, the highest duty of care from which it was not relieved despite the alleged open and obvious defect?

Krapf's Br. at 4 (suggested answers omitted).

Krapf's three issues challenge the grant of summary judgment on her negligence claim. "[S]ummary judgment is only appropriate in cases where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." **Nicolaou v. Martin**, 195 A.3d 880, 891 (Pa. 2018); **see also** Pa.R.C.P. 1035.2(1). "When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party." **Nicolaou**, 195 A.3d at 891. We reverse a grant of summary judgment "if there has been an error of law or an abuse of discretion." **Id.** at 892. Our standard of review is *de novo* and our scope of review is plenary. **Id.**

The "elements of negligence are: a duty to conform to a certain standard for the protection of others against unreasonable risks; the defendant's failure to conform to that standard; a causal connection between the conduct and the

resulting injury; and actual loss or damage to the plaintiff." ***Brewington for Brewington v. City of Phila.***, 199 A.3d 348, 355 (Pa. 2018).

Krapf first argues that she produced sufficient evidence to support the elements of her negligence claim, including causation. She notes that she testified that she fell in the hallway where a depression or a missing portion of tile existed. She states that at her deposition she identified the alleged defect by drawing a circle on a picture of the floor on which she fell and explained that her foot "got stuck at the spot" where the tile was missing. She argues such testimony created a genuine issue of material fact as to whether the depression caused her fall. She claims that although Krapf expressed uncertainty at times, such uncertainty is not fatal to her claim. Rather, she asserts that the defense can use her uncertainty to impeach her at trial.

Krapf further notes that Rothrock at her deposition testified that when she left the restroom, the hallway floor was "full of blood" and that Krapf told Rothrock that she "just went down." Krapf's Br. at 16. When Rothrock returned the next day to retrieve Krapf's groceries, she observed the area and noticed the depression and missing tile on the floor. ***Id.***

Krapf concludes that based on her own and Rothrock's deposition testimony a jury could reasonably find that the defect, that is, the depression in the floor, caused Krapf's fall. She claims she presented direct and circumstantial evidence that the depression caused her fall. Krapf further "expressly refuted the suggestion that she at any time advised any[one] that she felt dizzy or fainted." Krapf's Br. at 20. She points to her testimony that

she did not have a history of falls and that she did not feel dizzy before the fall. *Id.*

The trial court found Krapf failed to establish a genuine issue of material fact regarding whether Redner's was negligent or whether the alleged defect in the tile had caused her to fall:

> Krapf testified at her deposition that while walking down a hallway, her foot "got stuck at the spot there," and she fell. However, Krapf also testified that she does not know what caused her to fall, and that she cannot remember if the "spot" had anything to do with her fall. At no point in her testimony did Krapf indicate that she tripped or slipped, just that she fell. Krapf is unable to produce an eyewitness who observed the incident, and Krapf does not identify any other debris or substance on the floor in the hallway that existed at the time of the accident. Krapf also fails to produce any expert opinion that states that the "chip" in the floor tile at issue is a defect or that it existed for a sufficient period of time to require Redner's to take appropriate remedial action.

1925(a) Op.at 4 (internal citations omitted).

The court further noted that, in her deposition, Krapf admitted she was unable to determine what caused her to fall, "thereby admitting that she is unable to establish the element of causation." *Id.* It concluded the evidence "fails to establish the essential elements needed to sustain a cause of action in negligence, namely that Redner's breached a duty of care by having a dangerous condition exist on the premises, and that this purported defect caused Krapf to fall." *Id.* It noted that the "spot on the tile floor has not been established to be a defective condition, and Krapf is merely speculating regarding the cause of her fall." *Id.* It concluded that "[i]f no evidence exists

to prove that the floor tile was a defective or dangerous condition, as well as a minimum length of time the alleged dangerous condition existed, Krapf cannot establish her negligence claim as a matter of law." ***Id.*** at 4-5.

We agree. Certainly, Krapf stated that she "got stuck on a spot," and circled the spot on the floor in a photograph. Yet she presented no evidence that the spot constituted a defective or dangerous condition, or that Redner's breached a duty of care that caused Krapf's fall. Her evidence of the mere existence of a depression or chip in a floor tile was not sufficient, standing alone, to prove her case.

In her next claim, Krapf argues that the doctrine of *res ipsa loquitur* – "the thing itself speaks" – applies to this case. She claims that the type of fall suffered by Krapf was "not an ordinary occurrence for anyone, nor was it for her as she has no significant fall history." Krapf's Br. at 23. She claims that the deposition testimony that employees perform safety walks to inspect for issues that need to be repaired and that a work order requesting that the tile be replaced was submitted eliminates any possibility that the defect was caused by anyone other than Redner's. Further, Redner's owed a duty to Krapf, who was a business invitee.

*Res ipsa loquitur* allows the fact-finder "to infer negligence from the circumstances surrounding the injury." ***Quinby v. Plumsteadville Family Practice, Inc.***, 907 A.2d 1061, 1071 (Pa. 2006). "It is a rule that provides that a plaintiff may satisfy his burden of producing evidence of a defendant's negligence by proving that he has been injured by a casualty of a sort that

normally **would not have occurred in the absence of the defendant's negligence**." ***Id.*** (citation omitted) (emphasis added).

Pennsylvania has adopted the Restatement (Second) of Torts § 328D, which applies to the doctrine of *res ipsa loquitur*:

> (1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when
>
>> (a) the event is of a kind which ordinarily does not occur in the absence of negligence;
>>
>> (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and
>>
>> (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff. . . .

See ***Quinby***, 907 A.2d at 1071. Further, "when a patron suffers an injury in a store from a transitory danger, *res ipsa loquitur* does not apply." ***Neve v. Insalaco's***, 771 A.2d 786, 789 (Pa.Super. 2001). "However, when a patron suffers an injury in a store from a defect that compromises the safety of the building itself, *res ipsa loquitur* can apply." ***Id.*** at 790.

The trial court concluded that *res ipsa loquitur* did not apply here:

> Krapf could not explain what caused her fall, and no evidence exists of record that opines that the "chip" in the tile floor was a defective or dangerous condition. In addition, the record supports that an alternate theory of causation for Krapf's injuries: according to the paramedic who treated Krapf, Krapf said[,] "[S]he was walking, became dizzy and fell front first[.]" Also, the first person to speak with Krapf after her fall, a Redner's employee, said Krapf reported that she had "gotten dizzy and passed out" and had "fainted."

1925(a) Op. at 5 (citations omitted). The court concluded that "[w]ithout evidence to establish that the linoleum tile at issue was defective or dangerous, and since another possible cause of Krapf's fall, dizziness, cannot be ruled out, res *ipsa loquitur* is not applicable to the circumstances of the instant matter." *Id.* at 6.

The trial court did not err. A fall in a grocery store is not the sort of incident that does not occur in the absence of the store's negligence. *Res ipsa loquitur* does not apply.

In her last issue, Krapf maintains that Redner's owed her a duty of care as an invitee and that Redner's thus had a duty to protect her against known dangers and dangers that it could discover with reasonable care. Krapf argues that Redner's argued both that the condition was not unsafe and that the depression was "open and obvious." Krapf claims Redner's "cannot have it both ways." Krapf's Br. at 29.

This issue merits no relief. Even if we apply the elevated duty of care owed to invitees, as we explain above, Krapf produced no evidence that Redner's breached any duty of care. She presented no evidence, such as evidence of the nature of the "chip" and expert testimony that Redner's had violated an established standard in not repairing such a "chip," that would establish breach of duty. Further, the fact that Redner's argued in the alternative that the tile was not defective and even if it was, the defect was open and obvious, does not change the analysis.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/1/20