J-A19009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN CARSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GRAND VIEW HOSPITAL, GRAND | : | No. 2051 EDA 2020 |
| VIEW HEALTH, H&A PROPERTIES, | : | |
| LP., MRA REALITY, INC., AND | : | |
| INTERSTATE BUILDING | : | |
| MAINTENANCE CORPORATION | : | |

Appeal from the Order Entered September 11, 2020
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 2018-07019

BEFORE:   DUBOW, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                **FILED SEPTEMBER 22, 2021**

Appellant, John Carson, appeals from the Trial Court's September 11, 2020 Order granting summary judgment in favor of Appellee MRA Realty, Inc. ("MRA") in this premises liability action.  After careful review, we affirm.

This matter arises from an April 22, 2016 incident in which Appellant fell while walking across a plywood catwalk on property leased by Grand View Hospital ("Grand View") and managed by MRA, which subcontracted for maintenance through Appellant's employer.

On the day of the incident, Appellant was escorting two plumbers to a hot water heater in the course of his job, which he had done several times

_____

[*] Retired Senior Judge assigned to the Superior Court.

before without incident.[1] Accessing the water heater involved crossing an attic catwalk built of plywood over ductwork. Appellant had crossed the catwalk several times before, always felt comfortable doing so, and did not notice visible signs of a defect in the catwalk at the time of his crossing. As he crossed the catwalk that day, however, a plywood step broke underneath him, and he fell through, suffering injuries.

Appellant filed his premises liability complaint on April 9, 2018. During the course of discovery, Appellant did not depose any defendant witnesses or produce an expert report to establish a defect. After the close of discovery, MRA and Grand View filed separate Motions for Summary Judgment. On September 11, 2020, the trial court granted both Motions in two separate Orders, fully disposing of all claims as to both.

Appellant filed timely Notices of Appeal as to both Orders on October 9, 2020. On October 13, 2020, the trial court ordered Appellant to file Pa.R.A.P. 1925(b) Statements of Matters Complained of On Appeal, which Appellant filed on November 2, 2020. The Trial Court issued its Rule 1925(a) Opinion on December 7, 2020.

Appellant presents the following issue on appeal:

> Whether this Court should reverse the trial court's grant of summary judgment where the evidence presented by [Appellant] gives rise to genuine issues of fact from which a jury could find that [Appellees] were negligent for failing to inspect a plywood

---

[1] Appellant was a third-party contractor, not an employee of MRA or Grand View.

attic catwalk that collapsed, causing [Appellant] to fall through the floor?

Appellant's Br. at 5.[2]

When we review a grant of summary judgment, the scope of our review is plenary, and our standard of review is *de novo*. **Summers v. Certainteed Corp.**, 997 A.2d 1152, 1159 (Pa. 2010). We must uphold a grant of summary judgment "only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." **Atcovitz v. Gulph Mills Tennis Club, Inc.**, 812 A.2d 1218, 1221 (Pa. 2002); **see also** Pa. R.C.P. 1035.2(1). When reviewing a grant of summary judgment, we must view all facts in a light most favorable to the non-moving party, and make all inferences in its favor. **Toy v. Metropolitan Life Ins. Co.**, 928 A.2d 186, 195 (Pa. 2007). As such, our duty on review is to "determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder." **Id.** If there are sufficient facts in the record to establish a *prima facie* cause of action, we must deny summary judgment. **Id.**

---

[2] Appellant also asks that we ignore a procedural deficiency that relates to his appeal as to Grand View. We address that request in **Carson v. Grand View, et. al.**, No. 2051 EDA 2020. Here, we address the appeal as to MRA only.

The establish a *prima facie* case of negligence, a plaintiff must show: "(1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages." **Estate of Swift by Swift v. Northeastern Hosp.**, 690 A.2d 719, 722 (Pa. Super. 1997). Importantly, "[t]he mere fact that an accident has occurred does not entitle the injured person to a verdict. A plaintiff must show that the defendant owed a duty of care, and that this duty was breached." **Rauch v. Mike-Mayer**, 783 A.2d 815, 824 n.8 (Pa. Super. 2001) (internal citations omitted).

A possessor of land is liable for the injuries of his invitees caused by a condition of the land where the possessor (1) knows or by exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to invitees; and (2) should expect that the invitee will not discover or realize the danger, or will fail to protect themselves against it; and (3) fails to exercise reasonable care to protect the invitee against the danger. **Chenot v. A.P. Green Services, Inc.** 895 A.2d 55, 63 (Pa. Super. 2006) (citing Restatement (Second) of Torts § 343). "It does not follow . . . however, that the proprietor of a store is an insurer of its patrons. Neither the mere existence of a harmful condition in a store nor the mere happening of an accident due to such a condition evidences a breach of the proprietor's duty of care or raises a presumption of negligence." **Neve v. Insalaco's**, 771 A.2d 786, 790 (Pa. Super. 2001) (internal citations omitted). Instead, "[t]here must be some evidence of negligence beyond the realm of

mere speculation for the submission of an issue to a jury." ***Puskarich v. Trustees of Zembo Temple***, 194 A.2d 208, 2013 (Pa. 1963).

In ***Krapf v. Redner's Markets, Inc.***, 239 A.3d 41 (Pa. Super. Ct. 2020), this Court upheld a grant of summary judgment against a plaintiff-appellant who failed to adduce evidence establishing the existence of a defect. ***Id.*** The appellant testified at deposition that she "got stuck in a spot" in the floor, which she described as a depression in the floor that she identified in a photograph. ***Id.*** at 3. Other than this bare assertion, she failed to adduce any "evidence that that the spot constituted a dangerous or defective condition." ***Id.*** We held that the "mere existence of a depression," absent additional evidence showing how the depression was a defect in the floor, "was not sufficient" to establish a prima facie case of negligence. ***Id.***

In the instant case, the trial court held that "the total dearth of evidence as to any of the catwalk's physical properties and corresponding defects" compelled a grant of summary judgment, because otherwise "the jury would have been forced to speculate" as to what caused Appellant's injuries. T.C.O. at 13.

We agree. Because Appellant has failed to present any facts to establish directly or inferentially a defect in the plywood catwalk, Appellant has failed to meet the threshold requirement of establishing a defective condition. Appellant dedicates the majority of his brief to the question of whether MRA had constructive notice of the defect, but fails to identify the condition of the plywood catwalk that caused it to be defective. Appellant avers that "the

insufficient strength of the plywood catwalk was a defect of the building itself." Appellant's Br. at 11. However, Appellant's argument is merely that because the plywood broke when Appellant stepped on it, the plywood was of insufficient strength and, therefore, defective. Appellant has provided no direct evidence or expert report about the condition of the plywood from which a jury could infer that the plywood was of insufficient strength and therefore, defective. Without some fact or expert opinion from which a jury could infer a defect, any conclusion that the plywood catwalk was defective would be pure speculation. The mere happening of an accident is insufficient evidence to establish a defect. As a result, the trial court correctly granted summary judgment in favor of Appellee.

Order affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: *9/22/2021*